■ JEAN M. DOYLE et al., Respondents, v ERIE COUNTY WATER AUTHORITY et al., Appellants.—Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed. Memorandum: Defendants' motion for summary judgment dismissing the complaint should have been granted on the grounds that plaintiff Jean Marie Doyle failed to meet the serious injury threshold of Insurance Law § 5102 (d) (formerly § 671 [4]). To substantiate their allegations that Jean Marie Doyle did not sustain a "serious injury," defendants submitted the report of plaintiff's treating physician, Dr. Collard, an orthopedist, which incorporated the diagnoses of Dr. Klementowski, an ophthalmologist, and Dr. Genco, a neurologist. The report indicates that the results of X rays, a CAT scan, and an EEG were normal; that the initial diagnosis was cervical strain with radiculitis; that one month after the

accident she had a full range of motion of her neck and that less than 90 days after the accident she had a good rotation of the cervical spine and no tenderness or muscle spasm. In opposition to defendants' motion plaintiff also submitted the report of Dr. Collard. In addition, she offered her own affidavit in which she stated that she was confined to bed for four weeks after the accident and subsequently confined approximately four times per week over the next four months due to severe headaches. She stated that she was unable to care for her children or perform her usual household duties because of headaches, pain, weakness and loss of movement in her neck, shoulder and right arm. She also submitted the affidavit of her mother, who stated that she had cared for plaintiff's children for four months after the date of the accident because plaintiff was unable to do so.

It is well settled that, "[w]here properly raised, the issue of whether a plaintiff is barred from recovery in the judicial forum for want of serious injury is, in the first instance, for the court" (*Zoldas v Louise Cab Corp.,* 108 AD2d 378, 381; *see, Licari v Elliott,* 57 NY2d 230; *Nolan v Werner Ford,* 100 AD2d 579, *affd on mem below* 64 NY2d 681). The category of serious injury under which plaintiff seeks to recover is that of a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury (Insurance Law § 5102 [d]). The record is devoid of medical proof that plaintiff sustained injuries which confined her to bed and prevented her from carrying on her customary activities. Plaintiff's complaints are entirely subjective and unsupported by any competent medical evidence. Following the pronouncement of *Licari v Elliott (supra),* the courts have established the rule that the subjective complaints of a plaintiff without medical foundation are insufficient to establish a prima facie case of serious injury within the meaning of the Insurance Law *(see, Scollo v Martin,* 112 AD2d 762; *Zoldas v Louise Cab Corp., supra; Bader v Santana,* 106 AD2d 858; *Nolan v Werner Ford, supra).* (Appeal from order of Supreme Court, Erie County, Doyle, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Schnepp, JJ.