■ ROSA COSTA, Respondent, v DAVID S. BILLINGSLEY et al., Appellants. (And a Third-Party Action.)—Order unanimously reversed on the law without costs and defendants' motion granted. Memorandum: Defendants' motion for summary judgment dismissing the complaint should have been granted on the ground that plaintiff failed to meet the serious injury threshold of Insurance Law § 5102 (formerly § 671). In support of their motion for summary judgment, defendants submitted the affidavit and report of their physician, Dr. Ehrenreich. Based upon his three examinations of plaintiff and his review

of the X ray and CT scan reports and the reports of two of plaintiff's treating physicians, Ehrenreich stated that plaintiff had not sustained any neurological injury, but that her condition resulted merely from tension and anxiety. Dr. Ehrenreich's detailed findings recited that plaintiff had no evidence of increased intracranial pressure; that her visual fields, extraocular movements and pupil responses were normal; that she had excellent strength with normal sensation and coordination; that her reflexes were present and symmetrical; and that her gait and posture were normal. In opposition to the motion, plaintiff submitted the affidavit and reports of her treating physician, Dr. L. N. Hopkins. Based upon his examinations of plaintiff in the months following the accident, Hopkins concluded that she had no "significant intracranial pathology" and suffered only from "routine postconcussion syndrome." He stated that plaintiff's CT scan was normal and that she had been prescribed Tylenol with codeine, to be taken as need. He noted plaintiff's normal vision, hearing, mental status, movement, musculature, sensation and reflexes, and concluded that she was in "no acute discomfort." Plaintiff also submitted her affidavit in which she stated that she was confined to bed and forced to resign from her job in the months following the accident as a result of dizziness, lightheadedness, blurred vision, and serious head and neck pain sustained in the accident.

We conclude that defendants satisfied their initial burden of demonstrating their entitlement to judgment as a matter of law and that plaintiff failed to make a prima facie showing of serious injury sufficient to raise a triable issue of fact. Plaintiff seeks to recover on the theory that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury. However, plaintiff's complaints are entirely subjective and are unsupported by any competent medical evidence that plaintiff sustained injuries which confined her to bed and prevented her from carrying on her customary activities (see, Doyle v Erie County Water Auth., 113 AD2d 1016, 1017). The subjective complaints of the plaintiff without medical foundation are insufficient to establish a prima facie case of serious injury within the meaning of the Insurance Law (Licari v Elliott, 57 NY2d 230; Doyle v Erie County Water Auth., supra). (Appeal from order of Supreme Court, Erie County, Wolf, J.—dismiss complaint.) Present—Doerr, J. P., Denman, Boomer, Balio and Lawton, JJ.