*108 OPINION OF THE COURT
Thomas J. Murphy, J.
The moving defendants John Rossotti, doing business as J.R. Motors Enterprise, and Lanford C. Carlson seek an order from this court granting them leave to amend their answer by adding an affirmative defense pursuant to CPLR 3025 (b) and directing that partial summary judgment be entered, dismissing the claim of plaintiff, Lori H. Tarolli, for emotional distress, pursuant to CPLR 3012.
Plaintiffs’ counsel states that they have no opposition to that part of the motion seeking leave to amend the answer by adding an affirmative defense. The court therefore grants the motion.
Partial summary judgment is also granted to the defendants dismissing the claim of plaintiff, Lori Tarolli, for emotional distress.
Plaintiff James R. Tarolli alleges that he has sustained serious injury as defined in section 5102 of the Insurance Law, as a result of an automobile accident involving an insured automobile allegedly owned and operated by defendants. Plaintiff Lori H. Tarolli asserts a "derivative claim” as a result of James R. Tarolli’s alleged injuries. In addition, plaintiff Lori H. Tarolli asserts a claim for injuries due to anxiety and emotional distress "as a result of the contemporaneous observation of serious physical injury to her spouse”.
According to the undisputed facts, the automobile accident occurred on April 3, 1985. The insured automobile, a 1970 Porsche, was driven by plaintiff James R. Tarolli, and Lori H. Tarolli was a passenger. She allegedly suffered bruises in the accident but no serious physical injury is claimed by her, nor did she seek or receive any medical treatment, medication, or professional counseling for any of her alleged physical or psychic injuries. In her examination before trial, she testified that she was able to resume her normal, daily, full-time work schedule on April 8, 1985, after missing only two working days, and her alleged fears for her husband’s life were completely relieved within two days following the accident. She also testified that she was able to resume a completely normal sleeping pattern and daily routine within two months of the accident.
The issue before this court is whether plaintiff Lori Tarolli’s psychic injuries satisfy the "serious injury” threshold of sec *109 tion 5102 (d) of the Insurance Law. This court finds that they do not.
Section 5104 of the Insurance Law bars suit and tort actions between covered or uncovered persons unless the injured party has sustained serious injury (Licari v Elliott, 57 NY2d 230 [1982]). The purpose of the Legislature enacting the "no-fault provision” was to provide quick payment for out-of-pocket losses suffered from an automobile accident and to lessen litigation by limiting recovery in tort for noneconomic loss to instances of "serious injury” only (Taber v Niagara Frontier Tr. Auth., 101 Misc 2d 92 [Sup Ct, Erie County 1979], affd 78 AD2d 775 [4th Dept 1980]).
Since one plaintiff was the "operator” and the other an "occupant” of the properly insured automobile involved in the accident, plaintiffs are "covered persons” within the meaning of the statute (Insurance Law § 5102 ¡j]).
A serious injury is defined in section 5102 (d) of the Insurance Law and includes injury which results in: "[(1).] death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; [or] significant limitation of use of a body function or system; or [(2).] a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury”.
A review of the complaint and supporting documents shows that the plaintiff does not allege that she has sustained any physical injury so that she does not come under the first part of the serious injury definition. She does allege that as a result of a contemporaneous observation of serious physical injury to her husband, she sustained psychic injuries due to emotional distress. Her injuries, therefore, must satisfy the serious injury threshold of section 5102 (d) of the Insurance Law. However, her testimony states that she never sought or received any professional counseling, medical treatment, or medication for her alleged psychic injuries. She also testified that she only missed two days of work and therefore was not prevented from performing "substantially all” of her usual daily activities for at least 90 days. The court finds that Lori *110 Tarolli has not suffered "serious injury” within the meaning of the Insurance Law. She has never sought or received any medical or professional help for her alleged injuries (see, Doyle v Erie County Water Auth., 113 AD2d 1016 [4th Dept 1985]).
The answering affidavit of Lori Tarolli cites Bovsun v Sanperi (61 NY2d 219 [1984]) in support of the common-law zone-of-danger rule. That rule states that a plaintiff need not suffer any physical injuries in order to maintain a cause of action for a negligent infliction of emotional distress and a consequence of shock or fright from the contemporaneous observation of death or serious injury to a family member. The court does not dispute plaintiff’s interpretation of that rule.
However, this court agrees with the defendants that if plaintiff Lori Tarolli’s alleged psychological or emotional injuries were received in an automobile collision, she must first satisfy the "serious injury” threshold provision of the Insurance Law to maintain a common-law tort action. Were this court to allow the recovery for psychic injuries in an automobile accident without showing a "serious injury”, it would defeat the purpose of the no-fault statute. That statute was enacted to keep certain personal injury cases out of court and such injured persons no longer have an unqualified right to sue for injuries received (Licari v Elliott, supra).
In addition, Lori Tarolli’s injuries do not satisfy the statutory requirement of being a "medically determined injury or impairment”. (Insurance Law § 5102 [d].) Plaintiff Lori Tarolli cannot rely upon the injuries suffered by plaintiff James Tarolli to satisfy the "serious injury” threshold requirement for purposes of her independent claim for emotional distress. That claim is not a derivative cause of action, but is based upon a breach of duty directly owed to plaintiff by the defendant (see, Bovsun v Sanperi, 61 NY2d 219, 228, supra).
Plaintiff’s third cause of action is accordingly dismissed.