■ ANNA LYNCH et al., Appellants, v ADIRONDACK TRANSIT LINES, INC., Doing Business as ADIRONDACK TRAILWAYS, et al., Respondents, et al., Defendants. (And a Third-Party Action.)— Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered March 1, 1990 in Albany County, which granted the motion of defendants Adirondack Transit Lines, Inc. and Dennis W. Winkler for summary judgment dismissing the complaint against them.

The issue before us concerns whether plaintiffs raised a

triable issue of fact as to whether plaintiff Anna Lynch (hereinafter plaintiff) sustained a "serious injury" as defined in Insurance Law § 5102 (d).

Plaintiff sued for injuries she sustained as the result of an accident which occurred on April 19, 1983, while she was a passenger on a bus driven by defendant Dennis W. Winkler and owned by defendant Adirondack Transit Lines, Inc. The bus collided with a second vehicle driven by defendant Steven P. La Paglia. Plaintiff alleged that she received a serious injury in the accident, which made it impossible for her to work, and that she suffered a significant limitation of use of a body function or system, that is, the left arm, shoulder, neck and back. Plaintiff's husband sued for loss of consortium. Although plaintiff's complaint referred to the category of a medically determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident, plaintiff has not argued the merits of this category. We therefore deem it abandoned (see, Lamphear v State of New York, 91 AD2d 791).

Winkler and Adirondack (hereinafter collectively referred to as defendants) moved to dismiss the complaint against them on the ground that plaintiff did not suffer a serious injury as defined in Insurance Law § 5102 (d). Supreme Court concurred, finding that plaintiff's complaint of limitation of activities was attributable to pain alone and was not supported by any objective medical evidence. The court concluded that the opinion of plaintiff's physician, that plaintiff was suffering from a myofascial pain syndrome which he anticipated would leave her with a permanent partial disability of moderate to marked degree forever, was speculative and equivocal. No other basis for serious injury having been offered, the court granted defendants' motion and dismissed the complaint against them.

The question of whether plaintiff has suffered a serious injury is a threshold question which can appropriately be decided on a motion for summary judgment (see, Licari v Elliott, 57 NY2d 230, 237). In order for plaintiff to have prevailed, it was incumbent upon her to present competent evidence raising triable issues as to whether her injury was permanent and consequential. Permanent pain, even of an intermittent nature, may form the basis of a "serious injury" (see, Mooney v Ovitt, 100 AD2d 702, 703). Here, plaintiff attested to continued intermittent pain which curtailed most

of her physical activities. She was unable to perform her usual household duties of cleaning, cooking and shopping. She was unable to continue working in the winter months, as was her practice. Her physician, in support of her contentions, stated that, pursuant to his examination of plaintiff on September 26, 1988, she was suffering from myofascial pain syndrome, which he concluded was "a *permanent* condition [and it] *is not expected that we will see any major changes* and I would anticipate that she will remain with a permanent, partial disability of moderate to marked degree forever" (emphasis supplied). The doctor also stated that: "On examination we are seeing many trigger points along the upper medial border of the left scapula and extending up into the left posterior cervical triangle. This is about as tight as I have ever seen her neck and yet her complaints are not terribly different than they normally are. * * * On physical exam today the pertinent findings continue to be those of the trigger points throughout the neck and shoulder area. This is a classic representation of a myofascial pain syndrome which clearly dates back to her injuries of 4-19-83." Submitted with the doctor's statement was an explanation of the condition, contained in an article written by the doctor in which he indicated that there is no cure for the condition, although it can be treated by relaxation and reconditioning techniques.

Contrary to defendants' claim, we do not agree that the doctor's use of the term "anticipate" was speculative or equivocal. When read in context it is clear that the doctor concluded that plaintiff's condition is permanent and of a moderate to severe degree. The record therefore contains sufficient medical evidence to support plaintiff's claim of serious injury, requiring resolution by trial and the denial of defendants' motion.

Order reversed, on the law, without costs, and motion denied. Casey, J. P., Mikoll, Levine and Harvey, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm. Yesawich, Jr., J. (dissenting). I would affirm on the opinion of Justice Daniel H. Prior, Jr.