■ JAMES W. FLATER, Respondent, v BEVERLY A. BRENNAN et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (McDermott, J.), entered November 1, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

The primary question raised on this appeal is whether plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) under the category of significant limitation of use, in this case a significant limitation of use of the neck. The response is in the negative. The order denying defendants' motion for summary judgment dismissing the complaint should therefore be reversed.

Initially, we note that plaintiff does not argue on appeal that he sustained any permanent consequential limitation of use of a body organ or member and he is therefore deemed to have abandoned such claim, although such was referred to in his bill of particulars (see, Lynch v Adirondack Tr. Lines, 169 AD2d 904, 905). Likewise, since plaintiff only argues in his brief that he sustained a significant limitation of the use of his neck, the claims that he sustained a significant limitation of use of his shoulders, back, right hip and right knee are also deemed abandoned (see, supra, at 905).

The pertinent facts in this case are as follows. On February 12, 1989, the unmarked police vehicle operated by plaintiff, a police officer, was stopped on a public highway at a red signal light at an intersection when it was struck in the rear by an automobile owned by defendant Frances A. Meredino and operated by defendant Beverly A. Brennan. The impact caused the back of plaintiff's seat to give way and plaintiff ended up on his back looking up at the ceiling of his vehicle. He immediately called for assistance on his police radio and experienced a feeling of pain from his head down to the base of his spine. He was taken to the hospital where he was X-rayed, examined and advised to see his own doctor. The next day he was examined and treated by Howard Westney, the police doctor, who had previously treated him. He told Westney that he had pain in his neck, shoulder, hip and legs. X rays showed no fractures or abnormalities of the spine.

Westney diagnosed plaintiff as having a mild myositis of his cervical muscles without neurological impairment. He prescribed Orudis, an analgesic, and instructed plaintiff to use heat. On February 24, 1989, Westney noticed that plaintiff had some stiffness in his back and lower portion of his neck and concluded that plaintiff was "doing nicely", advising him not to exercise for a few weeks. Plaintiff returned to work part-time a few days after the accident but would go home in the afternoons to rest and for an application of heat. However, after a month he resumed his normal work schedule. On July 21, 1989, plaintiff again saw Westney complaining of pain in the hip and knee and stiffness in the neck. He stated that he

felt "pretty good" but that his exercise program was to a certain extent impaired. X rays showed no abnormality or objective pathology.

Plaintiff testified at an examination before trial, held on January 16, 1990, that he suffered from a stiff neck that bothered him most at night when he was trying to sleep, as it would wake him up and force him to move his arm and shoulder to get relief. Plaintiff stated that he sometimes suffered from stiffness in his back in the morning which worked itself out. He stated that "occasionally" his knee and hip would be "sore" and "stiff" and that otherwise he felt fine. Plaintiff said that although he could engage in his usual recreational activities, he could not "do [them] as well as [he] could before".

In an affidavit sworn to on June 6, 1990, Westney stated that on February 16, 1989 plaintiff's limitations of the use of the neck was "significant" and that on February 24, 1989, plaintiff's limited use of his neck "was of enough significance that he was advised to not exercise for a couple of weeks relative to his neck and back". This was the first time that Westney used the word significant in describing plaintiff's injuries. The affidavit of June 6, 1990 also indicated that Westney saw plaintiff on July 2, 1989, that on that date some 11 months earlier plaintiff complained of pain in the hip and the knee on the right side and stiffness of the neck. It did not state that on June 6, 1990 plaintiff was suffering any limitation of use of his neck. However, the affidavit did indicate that plaintiff had degenerative arthritis. Paul Clark, who examined plaintiff for defendants, found no objective pathology indicating that plaintiff was suffering any significant limitation of the use of his neck and concluded that his subjective complaints of pain in the neck and back were due to degenerative arthritis of the cervical and lumbar spines.

It is clear that where it is alleged that a plaintiff has sustained a serious injury (Insurance Law § 5102 [d]), the trial court must "decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy" (Licari v Elliott, 57 NY2d 230, 238). On a motion for summary judgment to dismiss a complaint, a defendant has the burden of presenting evidence, in admissible form, to warrant a finding as a matter of law that a plaintiff has not sustained a serious injury (see, Pollard v Brown, 127 AD2d 882; Proper v Saunders, 102 AD2d 907). In response, it is the plaintiff's burden to go forward and submit

competent evidence raising a triable issue of fact that a serious injury was sustained *(see, Berben v Arain,* 124 AD2d 379). In our view plaintiff has failed to meet such burden, while defendants have satisfied theirs.

The term "significant" means that the claimed limitation must be " 'something more than a minor limitation of use' " *(Colvin v Maille,* 127 AD2d 926, *lv denied* 69 NY2d 611, quoting *Licari v Elliott, supra,* at 236; *see, Kordana v Pomellito,* 121 AD2d 783, 785, *appeal dismissed* 68 NY2d 848). Mere use of the conclusory word "significant" in the affidavit of a treating physician is not sufficient to establish serious injury *(see, Lopez v Senatore,* 65 NY2d 1017, 1019; *Leschen v Kollarits,* 144 AD2d 122).

Here, the examination before trial of plaintiff does not support the conclusion reached by Westney that plaintiff sustained a "significant" limitation of the use of his neck within the meaning of the statute. There is insufficient evidence to support the conclusion that plaintiff suffers from the claimed "significant" limitation of use of his neck. The proof has therefore failed to raise a triable issue as to serious injury.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.