■ GAIL LOGAN, Respondent, v LAIDLAW SCHOOL TRANSIT, INC., et al., Appellants.—Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Defendants' motion for summary judgment dismissing the complaint should have been granted on the ground that plaintiff failed to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff contends that she sustained a serious injury because her injuries resulted in the significant

limitation of use of a body function or system and she was prevented from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury.

In our view, defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law, by the submission of an affidavit and report of Dr. John Recippi and excerpts of testimony given by plaintiff at an examination before trial. This evidence was sufficient to warrant a finding that plaintiff had not suffered a serious injury within the contemplation of Insurance Law § 5102 (d) as a matter of law *(see, Costa v Billingsley,* 127 AD2d 990, 991; *Zoldas v Louise Cab Corp.,* 108 AD2d 378, 382). Plaintiff, however, failed to tender evidence, in admissible form, "to make a prima facie showing of serious injury sufficient to raise a triable issue of fact" *(Costa v Billingsley, supra,* at 991). Plaintiff submitted an affidavit and report of Dr. Lesswing, a treating physician, who opined that plaintiff "sustained increased limitation in the use of her shoulder" which he "would assum[e] is permanent, but mild". That opinion, however, is based solely on plaintiff's continued subjective complaints of pain and is unsupported by any objective medical evidence. "The subjective complaints of the plaintiff without medical foundation are insufficient to establish a prima facie case of serious injury within the meaning of the Insurance Law" *(Costa v Billingsley, supra,* at 991; *see also, McKnight v LaValle,* 147 AD2d 902, 903, *lv denied* 74 NY2d 605; *Doyle v Erie County Water Auth.,* 113 AD2d 1016, 1017; *Zoldas v Louise Cab Corp., supra,* at 383-384). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.