■ PATRICIA RAY, Respondent, v SALVATORE FICCHI, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: On September 23, 1986, an automobile operated by plaintiff was struck at the rear by an automobile operated by defendant. Thereafter, plaintiff commenced an action seeking to recover damages for personal injuries allegedly sustained in the accident. After issue was joined, defendant moved for summary judgment. He contended that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiff contends that she sustained a serious injury within the statutory definition because her injury resulted in the "significant limitation of use of a body function

or system" and/or a "permanent consequential limitation of use of a body organ or member". We do not agree.

In our view, defendant met his initial burden of demonstrating entitlement to judgment in his favor as a matter of law by the submission of an affirmation of Dr. L.J. Strobino who diagnosed a "mild limitation of motion in the cervical region". Dr. Strobino noted that the injury did not prevent plaintiff from performing her daily activities. Plaintiff resumed her full time employment as a production specialist after an absence of three weeks. His affirmation suggests that plaintiff's "discomfort about the cervical spine" is subjective in nature *(see, Costa v Billingsley,* 127 AD2d 990, 991). Plaintiff's treating physician, Dr. Leroy Cooley, diagnosed plaintiff's condition to be "mildly partially permanently disabled with a chronic cervical strain". The proffered evidence was insufficient to establish that plaintiff's injury resulted in either a "permanent consequential limitation of use of a body organ or member" *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848; *Dwyer v Tracey,* 105 AD2d 476, 478) or a "significant limitation of use of a body function or system" *(see, Licari v Elliott,* 57 NY2d 230, 236; *Bassett v Romano,* 126 AD2d 693, 694; *Zoldas v Louise Cab Corp.,* 108 AD2d 378, 384).

Moreover, the affidavit of plaintiff's chiropractor failed to connect causally plaintiff's alleged injury to the motor vehicle accident of September 23, 1986. Thus, in the circumstances of this case, plaintiff failed to tender evidence in admissible form " 'to make a prima facie showing of serious injury sufficient to raise a triable issue of fact' " *(Logan v Laidlaw School Tr.,* 175 AD2d 568, 569, quoting *Costa v Billingsley, supra,* at 991) and defendant's motion must be granted. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Doerr, Green, Lawton and Davis, JJ.