■ Mildred Dubois, Appellant, v Justine Simpson, Respondent.—Mahoney, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered July 17, 1991 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On this appeal, plaintiff challenges Supreme Court's dismissal of her personal injury action on the ground that she did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). In October 1987, plaintiff's vehicle was struck on the passenger's side by defendant's vehicle as she was backing her car out of a driveway. Complaining of pain in the right side of her neck and shoulder, plaintiff was examined at a local emergency room. X rays revealed no trauma. She was diagnosed with a muscle injury, given medication and a cervical collar, and discharged. Thereafter, she made several follow-up visits to a doctor but sought no further medical treatment until November 1988 when, apparently on the recommendation of her attorney, she consulted a neurologist. The neurological examination was normal. Although the range of motion to the cervical spine was full, plaintiff's apparent complaint of discomfort on her right side led the neurologist to conclude that plaintiff had a cervical strain and two months of physiotherapy was prescribed. The physiotherapy continued until February 1989. While she had a thermography in 1990, the record is devoid of any evidence that plaintiff actively sought medical treatment subsequent to the completion of physiotherapy.

In her bill of particulars, plaintiff claims that she suffered a permanent loss of range of motion in her neck and cervical spine and asserts that such constitutes either a permanent loss of use or permanent consequential limitation of use within the meaning of Insurance Law § 5102 (d). She further asserts that her injuries prevented her from performing substantially all her usual and customary activities for 90 of the 180 days following the accident.

In support of her motion for summary judgment dismissing the complaint, defendant submitted the affidavit of her examining physician. The physician noted a mild decrease in right and left lateral rotation and flexion in plaintiff's cervical area, which was found to be consistent with age and tight trapezii but no trigger points. X rays and thermographic studies were reported to be essentially negative. It was the physician's opinion that there was "no significant disruption of any body system, nor * * * any extensive period of disability".

Addressing first plaintiff's claim that she was unable to perform substantially all of her usual and customary activities for at least 90 of the 180 days following the accident, the statements in plaintiff's bill of particulars and her deposition testimony reveal that she was confined to her home for approximately 2 to 3 weeks following the accident and had her daughter come in to assist her during that period. Clearly, such minimal curtailment of one's activities does not constitute significant limitation for the requisite period of time within the intendment of Insurance Law § 5102 (d) *(cf., Nasi v Giraudin,* 162 AD2d 805). Even disregarding the fact that certain of the allegations contained in plaintiff's opposing affidavit directly contradict her bill of particulars, the conclusory nature of the allegations, to wit, "I was unable to attend to my usual household duties of cooking, cleaning, dusting, vacuuming, and the like [during the three to four month period I was essentially confined to my home]. I attended no social functions nor engaged in any other social activities during that three to four month period", inasmuch as they clearly are tailored to meet the statutory requirements, are insufficient to defeat a motion for summary judgment *(see, Lopez v Senatore,* 65 NY2d 1017).* In any event, absolutely no medical evidence was submitted establishing that plaintiff's injuries from the automobile accident were the cause of her alleged disability *(see, Licari v Elliott,* 57 NY2d 230, 238; *Kimball v Baker,* 174 AD2d 925; *Gaddy v Eyler,* 167 AD2d 67, *affd* 79 NY2d 955).

We likewise agree that plaintiff's evidence failed to raise a triable issue of fact that her claimed loss of range of motion in her neck and cervical area constitutes a permanent consequential limitation of use of this body function. It is well established that a mild decrease in range of motion, as is described by defendant's examining physician and uncontroverted by plaintiff's medical expert, is not of sufficient consequence to satisfy this category of serious injury *(see, Gaddy v Eyler, supra,* at 70; *Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848).

Likewise unavailing is plaintiff's third and final basis, to wit, a permanent loss of use of a body member or function predicated upon the presence of permanent, albeit intermittent, pain in her neck and shoulder area when performing

* In this regard, it is also not without significance that no evidence was submitted regarding what in fact constituted plaintiff's usual and customary activities.

household functions and while driving. It is now clear that in order for permanent pain to be the basis for a finding of serious injury, it must be tied to an objective, underlying injury; mere subjective complaints of pain in the abstract are insufficient *(Scheer v Koubek,* 70 NY2d 678; *Gaddy v Eyler, supra).*

In our view, the conclusions set forth in the affirmation of plaintiff's chiropractor fail to meet this standard. Clearly, the chiropractor's notation of pain upon palpation, standing alone, is insufficient. While his reading of the X rays suggests the presence of physical abnormalities of the cervical spine, there is no indication that these apparent abnormalities are causally related to the accident or that they are the underlying cause of the asserted pain. Absent the demonstration of such causal relationship, serious injury is not established *(see, Gabianelli v Gerardi,* 175 AD2d 468).

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.

