■ MICHELE PODWIRNY, Respondent, v HELENA A. DE CAPRIO, Appellant. [599 NYS2d 666] —Appeal from an order of the Supreme Court (Kahn, J.), entered August 18, 1992 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action to recover for the injuries she sustained when the vehicle in which she was a passenger was hit head on by a vehicle owned and operated by defendant. Although her pleadings are not very specific, plaintiff does aver in her bill of particulars that she has no significant disfigurement nor has she sustained a permanent loss of use of a body organ, member, function or system. Defendant moved for summary judgment to dismiss plaintiff's complaint on the ground that she failed to prove that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendant's motion was supported by a sworn medical report of James Holmblad, an orthopedist who conducted an independent examination of plaintiff.

For there to be either a "permanent consequential limitation" or a "significant limitation" (Insurance Law § 5102 [d]), a plaintiff needs to show something more than a mild or minor decrease or limitation in range of motion or use (*Licari v Elliott,* 57 NY2d 230, 236; *Short v Shawn,* 188 AD2d 815, 816-817; *Dubois v Simpson,* 182 AD2d 993, 994). Holmblad indicates in his report that plaintiff's X rays show her spine to be within normal limits and she has full range of motion. Plaintiff is not under a doctor's care nor is she taking any medication. In addition, Holmblad specifically stated that there is no permanency and that plaintiff "is completely cured from the injuries sustained". We therefore find that, contrary to Supreme Court's holding, defendant has met her burden of showing that plaintiff has not sustained a serious injury (see, *Gambianelli v Gerardi,* 175 AD2d 468; *Flater v Brennan,* 173 AD2d 945, 947). The burden then shifted to plaintiff to come forward with competent evidence to establish a prima facie case of serious injury (see, *Gaddy v Eyler,* 79 NY2d 955, 957; *Flater v Brennan, supra,* at 947-948).

Plaintiff's opposition papers consist only of her own affidavit and excerpts from her examination before trial, wherein she indicates that she continues to suffer pain and discomfort and can no longer enjoy certain physical activities. It is well settled that absent supporting credible or objective medical evidence or documentation, subjective complaints of pain and discomfort, and the resulting impact on her daily routine and

activities, are insufficient to sustain a finding that plaintiff suffered a serious injury *(see, Beckett v Conte,* 176 AD2d 774, 775, *lv denied* 79 NY2d 753; *Kimball v Baker,* 174 AD2d 925, 927). There is also no evidence that plaintiff was unable to perform substantially all of her usual and customary activities for at least 90 of the 180 days following the accident *(see, Gaddy v Eyler, supra,* at 958).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.