■ EILEEN McGOVERN et al., Respondents, v JOHN WALLS, Appellant, et al., Defendant. [607 NYS2d 964] —In an action to recover damages for personal injuries, etc., the . defendant John Walls appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 20, 1991, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The defendant John Walls moved for summary judgment, contending that the plaintiff Eileen McGovern did not sustain a "serious injury" within the purview of Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230). In support of his motion, the defendant Walls relied, *inter alia,* on an unsworn report prepared by his examining physician, and two unsworn reports prepared by Ms. McGovern's own treating physicians.

A moving defendant may rely on the unsworn reports of a plaintiff's own physicians in support of a motion for summary judgment. The reports relied upon here by Walls do not demonstrate that Ms. McGovern suffered a "serious injury". Ms. McGovern, however, by submitting a physician's affidavit in admissible form, carried her burden of establishing a prima facie case of "serious injury" pursuant to Insurance Law

§ 5102 (d) *(see, Hochlerin v Tolins,* 186 AD2d 538; *Pagano v Kingsbury,* 182 AD2d 268; *Spezia v De Marco,* 173 AD2d 462; *Bates v Peeples,* 171 AD2d 635; *Morsellino v Frankel,* 161 AD2d 748; *Lynch v Adirondack Tr. Lines,* 169 AD2d 904). Accordingly, denial of the defendant Walls' motion for summary judgment was proper. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.