■ SONDRA ELDRED et al., Respondents, v MATTHEW L. STODDARD et al., Appellants. [630 NYS2d 171] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendants sustained their burden of establishing prima facie that Sondra Eldred (plaintiff) did not sustain a serious injury. The burden thus shifted to plaintiff to come forward with evidence that she suffered a serious injury within one of several categories enumerated in the statute *(see,* Insurance Law § 5102 [d]; *Shames v Murtha,* 204 AD2d 841). Plaintiff failed to sustain her burden of making

" 'a prima facie showing of serious injury sufficient to raise a triable issue of fact' " *(Logan v Laidlaw School Tr.,* 175 AD2d 568, 569) with respect to "medically determined injury or impairment of a non-permanent nature which prevents [her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). Nor did plaintiff offer proof that she suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). The opinion of plaintiff's physician that plaintiff suffers from chronic pain syndrome is based upon plaintiff's subjective complaints of pain and is unsupported by any objective medical evidence *(see, Logan v Laidlaw School Tr., supra).* The physician's affidavit, which appears to have been tailored to meet statutory requirements, was not sufficient to establish a serious injury *(see, Antorino v Mordes,* 202 AD2d 528; *Dubois v Simpson,* 182 AD2d 993). (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.