■ BRETT BORRMAN, Respondent, v KEVIN L. BOGOLD, Appellant. [645 NYS2d 237] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint in this personal injury action. Defendant submitted evidence in admissible form establishing as a matter of law that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to plaintiff to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *Hernandez v Yacco,* 207 AD2d 1029). Plaintiff did not meet that burden. In opposition to the motion, plaintiff asserted that he missed fewer than 60 days of work during the 180-day period immediately following the accident. Moreover, plaintiff did not identify a single daily activity, aside from work, that he was unable to undertake as a result of his injuries. Thus, plaintiff failed to raise an issue of fact whether he was unable to perform substantially all of the material acts that constitute his "usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]; *see, Winkler v Lombardi,* 205 AD2d 757; *Shames v Murtha,* 204 AD2d 841).

Plaintiff also failed to raise an issue of fact whether he sustained a significant limitation of use of a body function or system. The affidavit of plaintiff's medical expert indicates, at most, a mild or slight limitation of use of plaintiff's lower back (*see generally, Licari v Elliott,* 57 NY2d 230, 236). The expert stated that he was "a little suspicious about the L5-S1 level" of plaintiff's back and that "there does appear to be some disc protrusion." Neither those statements nor plaintiff's subjective complaints of chronic pain are sufficient to raise an issue of fact whether plaintiff sustained a serious injury (*see, Scheer v*

*Koubek,* 70 NY2d 678, 679; *see also, Eldred v Stoddard,* 217 AD2d 952, 953; *Logan v Laidlaw School Tr.,* 175 AD2d 568, 569).

Finally, the contention that plaintiff sustained a permanent loss of a body organ, member, function or system is unpreserved for our review (*see generally,* CPLR 4017; *Davis v St. Joseph's Children's Servs.,* 64 NY2d 794, 795) and, in any event, is without merit. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.