■ LYNN TOMPKINS, Respondent, v THOMAS J. BURTNICK, Appellant. [652 NYS2d 911] —Peters, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 13, 1996 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.

This personal injury action was commenced in 1994 and arises out of a 1993 automobile collision between plaintiff and defendant. In April 1996, defendant moved for summary judgment on the ground that plaintiff failed to establish a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion and this appeal followed.

We affirm. Even accepting that defendant met his initial burden of showing that plaintiff did not sustain a serious injury, we find that plaintiff came forward with competent evidence to establish a prima facie case of serious injury (*cf., Podwirny v De Caprio*, 194 AD2d 1057). According to the physician

who examined plaintiff on defendant's behalf, there was no objective physical finding of impairment of function or of a serious injury. Plaintiff's physician, however, averred that plaintiff's ongoing neck and back problems were related to the motor vehicle accident and that there was "some permanence" to his injuries. He further stated that plaintiff continued "to have severe pain and limitation * * * and remain[ed] disabled and unable to perform his job". Plaintiff's physician began treating plaintiff immediately after the accident. His notes regarding plaintiff's condition support his averments. In February 1995, he noted that he was "quite sure [plaintiff] has whiplash * * * from the motor vehicle accident" and that plaintiff remained "markedly disabled". In May 1995, he found plaintiff's condition to be "much the same" and that plaintiff was still disabled from his job.

Defendant contends that because X rays and MRI tests failed to reveal an injury, there was no objective support for plaintiff's claims. Although these tests were negative, we disagree that there was no objective indicia of injury. Plaintiff's physician found a "limitation of motion of the neck" and a "weakness of right hand grasp". It is also undisputed that plaintiff has not returned to his job since the accident and remains under the care of his physician. In our view this evidence revealed more than "a mild or minor decrease or limitation in range of motion or use" (*Podwirny v De Caprio, supra,* at 1057) and consisted of more than subjective complaints of pain (*see, Beckett v Conte,* 176 AD2d 774, *lv denied* 79 NY2d 753). A physician's observations as to actual limitations qualifies as objective evidence since it is based on the physician's own examinations (*see, Parker v Defontaine-Stratton,* 231 AD2d 412). We agree with Supreme Court's conclusion that the opposing medical opinions created triable issues of fact for a jury to resolve (*see, Rosabella v Fanelli,* 225 AD2d 1007; *DeFreese v Grau,* 192 AD2d 1019).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.