■ RODERICK L. THOUSAND, Appellant, v JAMES I. HEDBERG et al., Respondents. [672 NYS2d 579] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint. Defendants submitted evidence in admissible form establishing as a matter of law that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956; *Borrman v Bogold*, 229 AD2d 949). "The burden then shifted to plaintiff to come forward with sufficient evidence to overcome defendant[s'] motion by demonstrating that [he] sustained a serious injury within the meaning of the No-Fault Insurance Law" (*Gaddy v Eyler, supra,* at 957; *accord, Muratore v Tierney*, 229 AD2d 1018). Plaintiff failed to meet that burden. The report of plaintiff's treating physician, who considered plaintiff to be minimally partially disabled as the result of cervical and lumbar strain, is insufficient to raise a triable issue of fact whether plaintiff's injury resulted in a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Licari v Elliott*, 57 NY2d 230, 236; *Rhind v Naylor,* 187 AD2d 498; *Ray v Ficchi,* 178 AD2d 988, 989, *lv denied* 80 NY2d 958). The unsworn report of plaintiff's chiropractor does not constitute proof in admissible form (*see, Grasso v Angerami*, 79 NY2d 813, 814; *Lough v City of Syracuse*, 191 AD2d 1018, 1019). Finally, plaintiff's subjective complaints of pain, unsupported by objective medical evidence, are insufficient to raise a triable issue of fact (*see, Scheer v Koubek,* 70 NY2d 678, 679; *Kimball v Baker,* 174 AD2d 925, 926-927). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.