◼ RICHARD A. LYNCH et al., Individually and as Parent and Guardian of ANDREW LYNCH, an Infant, et al., Respondents-Appellants, v BEATRICE L. WILLIAMS, Appellant-Respondent. (Appeal No. 1.) [695 NYS2d 855] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this negligence action seeking damages, *inter alia,* for injuries sustained by their sons Andrew and Eric when the ve-

hicle in which they were passengers was rear-ended by a vehicle driven by defendant. Plaintiffs alleged that Andrew sustained a cervical sprain, lumbar sprain, pain and discomfort in his lower back, and pain in his upper lumbar area. Plaintiffs further alleged that Eric sustained a lumbar sprain, thoracic/lumbar spasms, and irritation in the lower lumbar region. Defendant moved for summary judgment dismissing the complaint with respect to Andrew. Defendant made a similar motion with respect to Eric. Defendant contended that neither Andrew nor Eric sustained a serious injury within the meaning of the two categories of serious injury alleged by plaintiffs. Supreme Court granted the motion with respect to Andrew but denied it with respect to Eric. The court thereafter granted plaintiffs' motion to reargue, and upon reargument denied defendant's motion for summary judgment with respect to Andrew. Plaintiffs' motion to reargue was untimely, however, because it was made after expiration of the time in which to appeal from the underlying order (*see, Matter of Huie,* 20 NY2d 568, 572, *rearg denied* 21 NY2d 880, *mot to amend remittitur granted* 21 NY2d 1036; *Migliaccio v Phoenix Ins. Co.,* 91 AD2d 821; *Foley v Roche,* 68 AD2d 558, 568). We therefore reverse the order in appeal No. 2, deny the motion to reargue and reinstate that part of the order granting defendant's motion with respect to Andrew.

With respect to defendant's motions, we conclude that the court should have granted both of them. Defendant met her initial burden, and plaintiffs "failed to sustain [their] burden of making ' "a prima facie showing of serious injury sufficient to raise a triable issue of fact" ' " (*Eldred v Stoddard,* 217 AD2d 952, 952-953; *see,* Insurance Law § 5102 [d]). With respect to the first category of serious injury alleged, significant limitation of use of a body function or system, the physician who treated Andrew from March 1993 until September 1994 and Eric from December 1993 until August 1995 found that both boys had limited ranges of motion in flexion and side bending. Neither the affirmations nor the medical reports of that physician show, however, that those purported limitations were "objectively measured or quantified" (*Forte v Vaccaro,* 175 AD2d 153; *see, Eldred v Stoddard, supra,* at 953; *Logan v Laidlaw School Tr.,* 175 AD2d 568, 569). The medical reports documenting the subjective complaints of pain by Andrew and Eric are insufficient to satisfy the objective standard of serious injury (*see, Scheer v Koubek,* 70 NY2d 678, 679).

The second category of serious injury alleged by plaintiffs is a medically-determined injury or impairment of a nonperma-

nent nature that prevents the injured person from performing substantially all material acts that constitute his or her usual and customary daily activities for not less than 90 out of 180 days immediately following the occurrence of the injury or impairment. Neither Andrew nor Eric was prevented from performing his usual activities "to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236). Both returned to school the day after the accident and were able to perform their household chores. We modify the order in appeal No. 1, therefore, by granting defendant's motion and dismissing the complaint with respect to Eric. (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.