nent nature that prevents the injured person from performing substantially all material acts that constitute his or her usual and customary daily activities for not less than 90 out of 180 days immediately following the occurrence of the injury or impairment. Neither Andrew nor Eric was prevented from performing his usual activities "to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236). Both returned to school the day after the accident and were able to perform their household chores. We modify the order in appeal No. 1, therefore, by granting defendant's motion and dismissing the complaint with respect to Eric. (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.

■ RICHARD A. LYNCH, Individually and as Parent and Guardian of ANDREW LYNCH, an Infant, et al., Respondents, v BEATRICE L. WILLIAMS, Defendant-Appellant. (Appeal No. 2.) [696 NYS2d 727] —Order unanimously reversed on the law without costs, motion denied and order reinstated in part in accordance with the same Memorandum as in *Lynch v Williams* (265 AD2d 870 [decided herewith]). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Reargument.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.

■ MARJORIE A. DUTTON, Respondent-Appellant, v THOMAS W. DUTTON, Appellant-Respondent. (Appeal No. 1.) [696 NYS2d 727] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union* v *Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeals from Order of Supreme Court, Monroe County, Smith, J.—Matrimonial.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.

■ MARJORIE A. DUTTON, Respondent, v THOMAS W. DUTTON, Appellant. (Appeal No. 2.) [696 NYS2d 727] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Matrimonial.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.

■ MARJORIE A. DUTTON, Respondent, v THOMAS W. DUTTON, Appellant. (Appeal No. 3.) [696 NYS2d 339] —Amended judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Supreme Court erred in requiring defendant to continue paying maintenance to plaintiff despite his retirement from the Eastman Kodak Company (Kodak). The agreement of the parties, placed upon the record