■ SUSAN BREHAUT, Appellant, v CRAIG LAVECK et al., Respondents. [697 NYS2d 418] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants submitted evidence in admissible form establishing as a matter of law that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Muratore v Tierney*, 229 AD2d 1018). "The burden then shifted to plaintiff to come forward with sufficient evidence to overcome defendant[s'] motion by demonstrating that she sustained a serious injury within the meaning of the No-Fault Insurance Law" (*Gaddy v Eyler, supra*, at 957). Plaintiff failed to meet that burden. Plaintiff submitted no proof establishing a causal connection between the alleged injury to her right index finger and the accident (*see, Dubois v Simpson*, 182 AD2d 993, 994; *Ray v Ficchi*, 178 AD2d 988, 989, *lv denied* 80 NY2d 958). With respect to her alleged neck and back injuries, plaintiff submitted the affidavit of a chiropractor asserting that plaintiff has a decreased range of motion in her spine as a result of the accident. Because the affidavit does not specify the extent or degree of that decrease, however, it fails to raise an issue of fact whether the limitation allegedly resulting from the accident is "significant" (*see, Licari v Elliott*, 57 NY2d 230, 236; *Curry v Velez*, 243 AD2d 442, 443) or "consequential" (*see, Jordan v Baine*, 241 AD2d 894, 895; *Podwirny v De Caprio*, 194 AD2d 1057) within the meaning of Insurance Law § 5102 (d). In addition, the affidavit contains no objective findings to support the chiropractor's conclusory assertion that the injury is permanent (*see, Gaddy v Eyler, supra*, at 957-958; *Uhl v Sofia*, 245 AD2d 988, 990; *Mickelson v Padang*, 237 AD2d 495, 496). Finally, the subjective complaints of pain set forth in the affidavit of plaintiff are insufficient to raise a triable issue of fact whether she sustained a serious injury (*see, Scheer v Koubek*, 70 NY2d 678, 679; *Thousand v Hedberg*, 249 AD2d 941). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.