■ TRICIA BARBAGALLO, Respondent, v BRIAN T. QUACKENBUSH et al., Appellants. [706 NYS2d 201] —Graffeo, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 20, 1999 in Albany County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

Following joinder of issue and discovery in this personal injury action arising out of a motor vehicle accident, defendants moved for summary judgment dismissing the complaint on the

ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court denied the motion and cross motion and defendants now appeal.

As the proponents of the motion for summary judgment, defendants met their burden of demonstrating that plaintiff did not sustain a "serious injury" by submitting the affirmations of two physicians whose examinations of plaintiff revealed no objective signs of injury related to the motor vehicle accident. Therefore, the burden was shifted to plaintiff to submit competent medical evidence based upon objective medical findings and diagnostic tests to raise an issue of fact (*see*, *Decker v Stang*, 243 AD2d 1033, 1036, *lv denied* 91 NY2d 812).

Plaintiff asserts that triable issues of fact exist as to whether she sustained a "serious injury". We agree. In her affidavit, plaintiff describes the significant limitations she experiences in her activities as the result of pain associated with the accident. The affidavits from two of her treating physicians support a finding of permanent disability and loss of use and function in her cervical spine causally related to the accident. As the result of a physical examination which included palpating plaintiff's "trigger points over her thoracic paraspinal bilaterally", one physician opined that plaintiff suffers from a permanent degree of disability in her cervical spine and has a permanent loss of use and function in her cervical spine of 25% related to her myofascial pain syndrome as a result of the accident. Plaintiff's second physician, an orthopedic surgeon, also concluded that she has a limited range of motion in her cervical spine and his physical examination revealed that her trapezius muscles were in "significant spasm". Despite physical therapy, the surgeon noted spasms and subacromial bursitis in subsequent examinations, determining that as a result of the accident plaintiff suffers from a permanent disability in her cervical spine.

Although neither physician's affidavit is comprehensive, their opinions were not based exclusively on subjective complaints without a diagnosis having a medical foundation (*see*, *Rath v Shafer*, 267 AD2d 565; *compare*, *Gaddy v Eyler*, 167 AD2d 67, 72, *affd* 79 NY2d 955). Plaintiff's physicians indicated their reliance on trigger point palpations or the presence of spasms which were objectively ascertained and quantified (*see*, *Larrabee v State of New York*, 216 AD2d 772; *Lynch v Adirondack Tr. Lines*, 169 AD2d 904). We, therefore, agree with Supreme Court that genuine questions of material fact exist for a jury to resolve on the "serious injury" issue (*see*, *Tompkins v Burtnick*, 236 AD2d 708).

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.