■ Michele Clarke et al., Appellants, v Oswald Martucci, Respondent. [734 NYS2d 364] —Lahtinen, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered February 16, 2001 in Albany County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by plaintiff Michele Clarke (hereinafter plaintiff) in July 1996 when the vehicle she was driving, which was stopped in a parking lot, was struck by defendant's vehicle as it backed out of a parking space. The injuries allegedly sustained by plaintiff involved her neck, back, head and her right shoulder, arm, wrist and hand, as well as the loss of her fetus which she miscarried sometime after the accident. Following joinder of issue and discovery, defendant moved for summary judgment on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion except to the extent of the claim arising out of the loss of plaintiff's fetus, a claim which the parties subsequently settled. Plaintiffs appeal.

For the purposes of this appeal, plaintiffs focus on the condition of plaintiff's right thumb, for which she underwent two surgical procedures but has not regained full range of motion or strength. In support of his summary judgment motion, defendant submitted plaintiff's medical records which revealed that although plaintiff was treated for neck and shoulder pain after the accident, her treating neurologist diagnosed her condition as possible fibromyalgia in August 1996. Her treating or-

thopedic surgeon reported in August 1997 the absence of any objective clinical findings consistent with plaintiff's subjective complaints and in April 1998 the neurologist reported that plaintiff had muscle spasm in the right shoulder without other evidence of a neurologic deficit. She consulted a pain management clinic in April 1998 where she was diagnosed with myofascial pain syndrome. Various diagnostic studies in the record consistently revealed no neurologic deficit. In December 1998, she began treating with Richard Uhl, an orthopedic surgeon, for complaints of pain in the right wrist and numbness in two fingers on the right hand. Uhl diagnosed the condition as a possible traction injury to the ulnar nerve and flexor carpi radialis tendonitis. After initial conservative treatment, Uhl surgically implanted pins in the MP joint of plaintiff's right thumb and thereafter fused the joint. The postoperative diagnosis was MP synovitis.

Defendant's expert, an orthopedic surgeon, submitted a brief affirmation and a lengthy affirmed report in which he explained the results of his examination of plaintiff and fully reviewed her medical records. The expert concluded that although plaintiff may have sustained a cervical strain in the July 1996 accident, she sustained no other injury to her right upper extremity at that time. He stated that the surgical procedure on the right thumb was not related to the accident. He further noted that plaintiff has preexisting scoliosis and that her current symptoms can largely be attributed to her posture and exogenous obesity. In an addendum to his report, the expert explained that, in his opinion, any cervical strain sustained in the accident had healed and that any current symptoms were secondary to plaintiff's scoliosis, posture and obesity. We view the expert's opinion that a cervical strain which had healed was the only injury sustained by plaintiff in the accident as sufficient to satisfy defendant's initial burden to demonstrate his entitlement to judgment as a matter of law on the serious injury issue, thereby shifting the burden to plaintiffs to demonstrate a question of fact (*see, e.g.*, *Barbarulo v Allery*, 271 AD2d 897).

In opposition to the motion, plaintiffs submitted Uhl's affirmation, in which he noted plaintiff's involvement in the car accident and briefly described his initial diagnosis, treatment and final diagnosis of plaintiff's right thumb condition. Despite having limited his brief discussion to the thumb condition and having treated plaintiff for no other condition, Uhl expressed the opinion that all of plaintiff's injuries are permanent and causally related to the accident. Limiting our review to the

thumb condition upon which plaintiff relies, we note the nearly 2½-year period between the date of the accident and plaintiff's first treatment with Uhl, together with the absence of anything in plaintiff's medical records to demonstrate when the thumb condition arose or to connect the condition with the accident. This is not a case where a condition absent before an accident arose immediately thereafter, which could provide a rational basis for an expert's inference of causation. Uhl failed to correlate the condition to any of the subjective complaints of pain documented in plaintiff's medical records for the period subsequent to the accident and failed to explain either how the accident caused the condition or why the condition remained undiscovered for such a lengthy period. In these circumstances, Uhl's opinion on causation has no rational foundation, is unsupported by objective medical findings and diagnostic tests, and is conclusory and speculative (*see, Broderick v Spaeth*, 241 AD2d 898, 900, *lv denied* 91 NY2d 805). Plaintiffs, therefore, failed to meet their burden.

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.