■ LAURIE A. REEVES et al., Appellants, v ERMINIA SCOPAZ, Respondent. [643 NYS2d 620] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 20, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant's motion for summary judgment was supported by evidence including the sworn statements of two physicians who had examined the plaintiff Laurie A. Reeves. One physician, a neurologist, concluded that Ms. Reeves had "no neurological disability of any kind". The other physician, an orthopedist, concluded that Ms. Reeves' condition was "unremarkable".

The defendant also submitted, annexed to her motion, a copy of an unsworn report of a third physician, Ms. Reeves' "treating doctor". His final diagnosis was that of "chronic pain syndrome". This diagnosis was ostensibly supported by data which purported to quantify a limitation of movement relating to certain of Ms. Reeves' body functions (see, Insurance Law § 5102 [d]).

In opposition to the defendant's motion, the plaintiffs submitted, among other documents, another unsworn statement from Ms. Reeves' "treating doctor". In this report, he repeated the diagnosis of "chronic pain syndrome". As noted by the Supreme Court, this statement, although purporting to be an affirmation, was not made under penalty of perjury.

We agree with the Supreme Court that the defendant made a prima facie showing that Ms. Reeves did not suffer a "serious injury" (see, Gaddy v Eyler, 79 NY2d 955, 956; Eldred v Stoddard, 217 AD2d 952; Georgia v Ramautar, 180 AD2d 713; Philpotts v Petrovic, 160 AD2d 856, 857). We also agree that the plaintiffs' medical evidence was not presented in admissible form, and that the plaintiffs therefore failed to submit competent evidence sufficient to show the existence of an issue of fact (see, Grasso v Angerami, 79 NY2d 813, 814; Pagano v Kingsbury, 182 AD2d 268, 270). The self-serving declarations contained in the unsworn statements of Ms. Reeves' own physician cannot serve as the basis for defeating the defendant's motion (cf., Pagano v Kingsbury, supra [unsworn declarations of plaintiff's physicians may constitute evidence available to defendant when such declarations are against plaintiff's own interest]). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.