■ Ahlam Fouad, Appellant, v David B. Riser et al., Respondents. [666 NYS2d 944] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Price, J.), dated January 10, 1997, which granted the defendants' motion for summary

judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d), and (2) an order of the same court, dated June 2, 1997, which denied her motion for renewal and reargument of the prior motion.

Ordered that the appeal from so much of the order dated June 2, 1997, as denied that branch of the plaintiff's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated June 2, 1997, as denied that branch of the plaintiff's motion which was for renewal is dismissed as academic; and it is further,

Ordered that the order dated January 10, 1997, is reversed, on the law, and the defendants' motion for summary judgment is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

As the parties moving for summary judgment, the defendants were required to make a prima facie showing that the plaintiff did not sustain a serious injury as a result of the underlying accident (*see, Gaddy v Eyler,* 79 NY2d 955; *Flanagan v Hoeg,* 212 AD2d 756). Neither the report prepared by the plaintiff's physician nor the other evidence submitted by the defendants established a prima facie case that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see, Sabella v McKain,* 239 AD2d 333; *Mendola v Demetres,* 212 AD2d 515). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.