■ JANET FEUERMAN, Individually and as Administrator of the Estate of LENNY FEUERMAN, Deceased, Respondent-Appellant, v MOHAMED ACHTAR et al., Appellants-Respondents. [667 NYS2d 279] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated January 16, 1997, as denied their motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her motion for summary judgment on the issue of liability.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendants' contention, the Supreme Court properly denied their motion for summary judgment (see, Mendola v Demetres, 212 AD2d 515). The medical reports submitted by the defendants were inconclusive as to the issue of serious injury and did not establish the defendants' prima facie entitlement to judgment (see, Malary v New York City Tr. Auth., 232 AD2d 380). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.

■ GASHO OF JAPAN, WESTCHESTER, INC., Plaintiff, v TAISEI CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Respondent. O'DEA & ASSOCIATES, P. C., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [667 NYS2d 288] —In an action, inter alia, to recover damages for breach of contract and negligence, the third-party defendant O'Dea & Associates, P. C. appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated September 5, 1996, which denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court's conclusion that the defendant third-party plaintiff's claims were properly asserted in the third-party action against the appellant (see, CPLR 1007; Menorah Nursing Home v Zukov, 153 AD2d 13, 24-25). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.