■ JENNIFER FEINMAN, Appellant, et al., Plaintiff, v MENNAN OIL CO., INC., et al., Respondents. [669 NYS2d 892] —In an action, inter alia, to recover damages for personal injuries, the plaintiff Jennifer Feinman appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 21, 1997, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by her, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted on behalf of the plaintiff Jennifer Feinman.

Contrary to the Supreme Court's conclusion, the affidavit by the chiropractor for the plaintiff Jennifer Feinman, which was

submitted in opposition to the defendants' motion, was in admissible form and should have been considered by the court (*cf., Reeves v Scopaz*, 227 AD2d 606). There is no specific form of oath required in this State, other than that it be calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs. In addition, a notary, in the absence of a showing to the contrary, is presumed to have acted within his or her jurisdiction and to have carried out the duties required by law (*see*, CPLR 2309 [b]; *Collins v AA Truck Renting Corp.*, 209 AD2d 363). Here there is nothing to indicate that the notary who executed the jurat at the end of the affidavit at issue acted without jurisdiction or failed to carry out the duties required by law.

Moreover, when the affidavit of Feinman's chiropractor is considered, it raises an issue of fact as to whether that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The affidavit sets forth objective evidence of the extent or degree of her limitation of use of a body function or system, as well as of its duration. Thus, summary judgment should have been denied, and the complaint insofar as asserted by the plaintiff Jennifer Feinman is reinstated (*see, Parker v Defontaine-Stratton*, 231 AD2d 412; *Rut v Grigonis*, 214 AD2d 721; *Bates v Peeples*, 171 AD2d 635). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.