■ YEFIM PESCHANKER, Respondent, v MIKE A. LOPORTO et al., Appellants. [675 NYS2d 363] —In an action to recover dam-

ages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated December 10, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action to recover damages for personal injuries which he allegedly suffered when the vehicle that he was driving was struck by a vehicle owned by the defendant M & J Fish, Inc., and operated by the defendant Mike A. Loporto. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury in the collision (see, Insurance Law § 5102 [d]). The Supreme Court denied the motion. We affirm.

The defendants failed to establish a prima facie case that the plaintiff did not sustain a serious injury in the collision (see, Gaddy v Eyler, 79 NY2d 955; Flanagan v Hoeg, 212 AD2d 756). The report of Dr. David J. Panasci, who reviewed the magnetic resonance imaging (hereinafter MRI) of the plaintiff's lumbar spine for the defendants, should not have been considered because he did not affirm under the penalties of perjury that the contents of the report were true (see, Parisi v Levine, 246 AD2d 583; Moore v Tappen, 242 AD2d 526; Reeves v Scopaz, 227 AD2d 606).

Moreover, Dr. Robert J. Orlandi, who examined the plaintiff on behalf of the defendants, stated that objective medical tests "which normally do not produce back pain, produced moderate back pain in [the plaintiff]", and that the plaintiff has "a chronic ongoing back disorder". Although Dr. Orlandi concluded that this condition was not causally related to the accident, that opinion was impermissibly based upon the inadmissible MRI report of Dr. Panasci (see, Friedman v U-Haul Truck Rental, 216 AD2d 266, 267).

Because neither Dr. Orlandi's report nor the remainder of the defendants' evidence excludes the possibility that the plaintiff suffered a serious injury in the accident, the defendants are not entitled to summary judgment (see, Mendola v Demetres, 212 AD2d 515; Feuerman v Achtar, 246 AD2d 577; Mastromonica v Conklin, 246 AD2d 581; Fouad v Riser, 246 AD2d 508). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.