■ In the Matter of WINDSOR GROUP, Appellant, v MINNIE HAWKINS et al., Respondents. [722 NYS2d 770] —In a proceeding to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated June 30, 2000, which granted the motion of the respondent Lumbermans Mutual Casualty Company, in effect, for renewal and, upon renewal, vacated an order of the same court dated January 19, 2000, granting the petition, and denied the petition.

Ordered that the order dated June 30, 2000, is reversed, on the law, with costs, the motion is denied, and the order dated January 19, 2000, is reinstated.

In this proceeding to permanently stay arbitration of an uninsured motorist claim, the Supreme Court granted the petition and permanently stayed arbitration. The respondent Lumbermans Mutual Casualty Company (hereinafter Lumbermans) then moved, in effect, for renewal, and the Supreme Court granted the motion, vacated the order, and denied the petition. The Supreme Court erred in granting the motion, based upon the written statement of Jeffrey Smith, Lumbermans' insured, that he had canceled his policy before the accident. That statement was not in admissible form and thus should not have been considered by the Supreme Court in support of the motion (see, CPLR 2309 [b]; cf., *Feinman v Mennan Oil Co.,* 248 AD2d 503; *Collins v AA Truck Renting Corp.,* 209 AD2d 363). Without that statement, there was no new, admissible evidence that the policy Lumbermans issued had been canceled before the accident, and the Supreme Court should not have granted renewal (see, *Riccio v DePeralta,* 274 AD2d 384). Accordingly, the order must be reversed, and the order granting the petition reinstated. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.