■ ERICA FURTOW, Respondent, v JENSTRO ENTERPRISES, INC., et al., Defendants, and ALLEN YAM CHING, Appellant. [903 NYS2d 754]—

In an action to recover damages for personal injuries, the defendant Allen Yam Ching appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 19, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Allen Yam Ching is denied.

Contrary to the Supreme Court's determination, the affidavit submitted by the defendant Allen Yam Ching was in admissible form and should have been considered by the court in opposition to the plaintiff's motion for summary judgment. "There is no specific form of oath required in this State, other than that it be calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs" (*Feinman v Mennan Oil Co.*, 248 AD2d 503, 504 [1998]; *see* CPLR 2309 [b]). "In addition, a notary, in the absence of a showing to the contrary, is presumed to have acted within his or her jurisdiction and to have carried out the duties required by law" (*Feinman v Mennan Oil Co.*, 248 AD2d at 504;

*see Collins v AA Truck Renting Corp.*, 209 AD2d 363 [1994]). Here, Ching submitted an affidavit which recited that he was "duly sworn" and contained a jurat stating that the affidavit was "sworn to before" a notary public, who signed and stamped the document. On the record presented here, the form of the affidavit was adequate (*see Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429 [2010]; *Sparaco v Sparaco*, 309 AD2d 1029, 1030 [2003]; *Feinman v Mennan Oil Co.*, 248 AD2d at 504; *Collins v AA Truck Renting Corp.*, 209 AD2d at 363).

In support of her motion for summary judgment on the issue of liability on the complaint, the plaintiff made a prima facie showing of negligence with respect to Ching, who was the operator of a motor vehicle involved in a rear-end collision with the vehicle in front of it, driven by the defendant Jesus A. Torres, in which the plaintiff was a passenger (*see Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]). However, in opposition, Ching's affidavit raised a triable issue of fact. Ching's averments with respect to the actions taken by Torres, if believed, provide a nonnegligent explanation for Ching's rear-end collision with that vehicle (*see Klopchin v Masri*, 45 AD3d 737 [2007]; *Quezada v Aquino*, 38 AD3d 873 [2007]; Vehicle and Traffic Law § 1129 [a]; § 1163 [d]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Ching. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.