In an action to foreclose a lien upon a condominium unit for the nonpayment of common charges, the defendants Jaime Roman and Jocelyn Diaz Roman appeal from an order of the Supreme Court, Queens County (McDonald, J.), entered September 11, 2012, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, vacate the notice of lien, and cancel the notice of pendency.
Ordered that the order is affirmed, with costs.
The defendants Jaime Roman and Jocelyn Diaz Roman (hereinafter together the appellants) are the owners of a condominium unit located in Jackson Heights, Queens. In August 2011, the plaintiff, the Board of Managers of the building, through its attorney, provided the appellants with a 30-day notice of default advising them that they were in arrears in the payment of common charges, assessments, and related fees. In December 2011, the plaintiff filed a notice of lien for unpaid common charges in the Office of the City Register of the City of New York. In April 2012, the plaintiff commenced this action to foreclose the lien on the condominium unit, and filed a notice of pendency. Prior to joinder of issue, the appellants moved pursuant to CPLR 3211 (a) (7) to dismiss the action insofar as asserted against them, vacate the notice of lien, and cancel the notice of pendency *818 on the ground that the notice of lien was not verified as required by Real Property Law § 339-aa. The Supreme Court denied the motion.
Contrary to the appellants’ contention, the notice of lien complied with the requirements of Real Property Law § 339-aa, as it was properly verified by the plaintiffs president (see CPLR 2309 [b]; 3020 [a]). “There is no specific form of oath required in this State, other than that it be calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs. In addition, a notary, in the absence of a showing to the contrary, is presumed to have acted within his or her jurisdiction and to have carried out the duties required by law” (Feinman v Mennan Oil Co., 248 AD2d 503, 504 [1998]; see Furtow v Jenstro Enters., Inc., 75 AD3d 494 [2010]; Collins v AA Truck Renting Corp., 209 AD2d 363 [1994]; cf. NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc., 96 AD3d 425 [2012]; Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb, 72 AD3d 997 [2010]; Mortgage Elec. Registration Sys., Inc. v Levin, 63 AD3d 890 [2009]).
The appellants’ remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the appellants’ motion. Eng, PJ., Dillon, Maltese and Duffy, JJ., concur.