■ D.B.D. NOMINEE, INC., Appellant, v 814 10TH AVENUE CORP., Respondent, et al., Defendants. — Appeal from an order, entered September 20, 1984, Supreme Court, New York County (Ira Gammerman, J.), is unanimously dismissed, without costs, as subsumed in the appeal from the judgment entered thereon, October 2, 1984, which, *inter alia,* granted the motion of defendants 814 10th Avenue Corp. and 818 Tenth Avenue Corp. to dismiss the complaint; the latter is unanimously modified, on the law and the facts, to the extent of denying defendants' motion and reinstating the complaint, and the judgment is otherwise affirmed, with costs to the appellant.

Defendant 814 10th Avenue Corp. (814 Corp.) is the owner of a seven-story, old-law tenement located at 814-816 10th Avenue, Manhattan (the premises). Due to the many violations on these tenant-filled premises, in 1980 the Department of Housing Preservation and Development of the City of New York commenced a proceeding against defendant under RPAPL article 7-A. This proceeding resulted in the entry of a judgment, consented to by defendant 814 Corp., pursuant to which an administratrix, Nancy Kyriakou, was appointed to operate that multiple dwelling. Thereafter, an alleged stipulation was entered into between defendant 814 Corp. and this administratrix, which provided in pertinent part that the tenants occupying the premises would be relocated in an adjoining building, known as 818 10th Avenue (818), that defendant 814 Corp. also owned. According to the terms of this stipulation, defendant 814 Corp. was to make certain repairs in 818 to make it habitable, and upon completion of the stipulated repairs, the article 7-A proceeding would be discontinued and the lis pendens canceled.

Subsequently, on October 27, 1982, plaintiff D.B.D. Nominee, Inc. entered into a contract with defendant 814 Corp. to buy the premises 814 for $707,500. When the contract was signed, plaintiff gave defendant 814 Corp. a $50,000 deposit. Under this agreement, defendant 814 Corp., at the closing of title, was required, *inter alia:* (1) to have had the article 7-A proceeding discontinued and lis pendens canceled; and (2) to deliver the premises vacant. Although the contract contains a closing date of March 16, 1983, time was not made of the essence, and the parties agreed to a number of extensions of the closing date.

On February 10, 1984 the plaintiff received a letter from defendant 814 Corp. in which defendant 814 Corp. wrote, in pertinent part, that it could not "deliver clean title", because it had allegedly been unable to discontinue the article 7-A proceeding.

Plaintiff commenced the instant action for, *inter alia,* specific performance of the agreement. In its complaint, plaintiff al-

leged, *inter alia,* that defendant 814 Corp. had transferred title to premises 818 to defendant 818 Tenth Avenue Corp. (818 Corp.) for the purpose of avoiding defendant 814 Corp.'s obligations under the stipulation, mentioned *supra,* with the administratrix, so that the article 7-A proceeding would not be canceled.

Subsequently, defendants 814 Corp. and 818 Corp. moved to dismiss. Plaintiff opposed. Special Term granted this motion, after converting the motion to dismiss to a motion for summary judgment. We disagree.

There was no justification for Special Term to grant this motion for summary judgment, since there are substantial disputed issues of fact. Among these material triable issues are:

1. Did defendant 814 Corp. in good faith endeavor to remove the article 7-A proceeding?

2. Did defendant, prior to satisfying the stipulation with the administratrix, intentionally convey premises 818 to defendant 818 Corp. in order to avoid performance under the agreement with defendant?

3. Did the defendant deliberately avoid the necessary steps to clear up its title?

4. Is there a question of good faith in the defendant's declaring the contract canceled, and shortly thereafter securing the removal of the 7-A administratrix?

5. It appears to be uncontradicted in the record that plaintiff paid the fees for the Building Department permit. Did this cause the contract to remain in full force and effect?

6. In view of the fact that the parties were still negotiating eight months after the closing date set forth in the contract, did this cause the contract to remain a viable contract for the purchase of real property?

The purpose of summary judgment is issue finding, not issue determining (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341) and, in the instant case, we find that there are numerous material issues of triable fact, of which those set forth *supra* are some examples. Concur — Murphy, P. J., Kupferman, Ross and Fein, JJ.