■ CAMBRIDGE FACTORS, INC., Respondent, v STAGECOACH BUS SYSTEMS, INC., et al., Defendants, and BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered August 26, 1988, which granted plaintiff's motion for summary judgment and denied the municipal defendants' cross motion for summary judgment, unanimously modified, on the law, without costs, the motion denied, and judgment of the same court entered on or about September 1, 1988 vacated, and the matter remanded for trial.

Plaintiff instituted this action in June 1983 to recover money loaned to defendant Stagecoach Bus Systems, Inc. With the exception of plaintiff and the municipal defendants, all other parties have been dismissed or have voluntarily with-

drawn from this action. As the holder of assignments covering the accounts receivable of both Stagecoach Bus Systems, Inc. (Bus Systems) and Stagecoach Transportation Company, Inc. (Transportation), plaintiff seeks payment of money owed by the New York City Board of Education to Bus Systems. The city, however, seeks to retain $42,316.23 to apply to outstanding tax obligations incurred by Transportation.

Plaintiff argues that the city may not withhold funds due to it as assignee. It further argues that the loan upon which recovery is based was made to Bus Systems and that the city may not use an obligation incurred by Transportation to offset a debt which is owed to Bus Systems. Supreme Court, alluding to its prior order dated June 20, 1988, determined that there are no questions of fact requiring trial and that the city has failed to demonstrate sufficient grounds to justify piercing the corporate veil. Therefore, it granted plaintiff's motion for summary judgment and denied the city's cross motion seeking dismissal of plaintiff's action.

Summary judgment is the procedural equivalent of a trial *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338), requiring the parties to submit in opposition "evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729). Upon this appeal, however, the parties have furnished the court with an incomplete record, making impossible any assessment of the material relied upon by the court in rendering its determination. There is even a failure to supply proof of the indebtedness allegedly owed to Bus Systems by the city's Board of Education.

The function of the court upon a motion for summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732). The motion warrants a search of the record, a function appropriately fulfilled even on appeal *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *De Rosa v Slattery Contr. Co.,* 14 AD2d 278, *affd* 12 NY2d 735). It is apparent that the motion court's determination was based on considerably more information than has been presented to this court upon appeal. Nevertheless, a review of the incomplete record presented here suggests that a question exists as to whether Bus Systems, plaintiff's assignor, and Transportation are operated as separate and distinct entities. A financial statement for Bus Systems dated February 21, 1979 states, as its only asset, $105,000 cash, representing $5,000 in paid-in capital and a

long-term loan of $100,000. (The corporation is alleged in plaintiff's brief to have been incorporated on February 16, 1979.) Transportation's financial statement for the year ended December 31, 1978 clearly reflects the ownership and operation of buses and dealings with the Board of Education. Significantly, the deposition of plaintiff's president, Joseph Cohen, indicates that he not only considered buses to have been part of the collateral for the funds advanced by plaintiff, but that buses were ultimately appropriated and sold, presumably the buses owned by Transportation.

As the Court of Appeals has observed, "a gratuitous guarantee by a corporation of a debt of an unrelated corporation is extraordinary" *(Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 831). An inquiry into the circumstances surrounding plaintiff's treatment of assets owned by Transportation is warranted to determine whether plaintiff should be estopped to deny that Transportation is merely the alter ego of Bus Systems. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.