■ COMMERCE AND INDUSTRY INSURANCE COMPANY, Appellant, v KERBY SAUNDERS, INC., Respondent, et al., Defendants. —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 29, 1990, which, to the extent appealed from, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff provided two insurance policies to defendant-respondent and other related parties, one for general liability and the other for Workers' Compensation. There is no dispute that defendant owes a premium of approximately $63,000 for the Workers' Compensation policy, the only fact in contention being the rate charged for the general liability policy. Although the typewritten policy sets forth the same general rate for all of the defendants, plaintiff asserts that this was a mistake never discovered until it conducted an audit of defendant Kerby after the policy had terminated, by which time defendant Kerby had been sold to new owners. Plaintiff alleges that different rates specific to each of the defendants were agreed to, that the rate for defendant Kerby was substantially higher than that set forth in the written policy, and that it must be reimbursed on the basis of the brokered rate rather than the erroneous policy rate. We agree with the IAS court that disputed material issues of fact exist that can be resolved only at trial (CPLR 3212 [b]). It is well established that the purpose at summary judgment is issue finding and not issue determination (D.B.D. Nominee v 814 10th Ave. Corp., 109 AD2d 668, 669). Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.