■ JOSEPH S. CROZIER, Appellant, v MATTHEW S. LESNIEWSKI et al., Respondents. [599 NYS2d 729] —Weiss, P. J. Appeal from an order of the Supreme Court (White, J.), entered April 22, 1992 in Fulton County, which granted defendants' motions for summary judgment dismissing the complaint.

On November 16, 1990, plaintiff, a passenger in the front seat of a motor vehicle, struck his head as a result of an accident which gave rise to this action for personal injuries. Defendants each moved for summary judgment contending that plaintiff had not sustained a serious injury. Supreme Court granted the motions, finding that the affidavit of plaintiff's treating chiropractor was insufficient to raise an issue of fact as to the existence of a serious injury (Insurance Law § 5102 [d]). Plaintiff has appealed contending that his opposition was sufficient to defeat the motions.

Each defendant supported its motion with the affirmation of Edward Pasquarella, an orthopedic physician, who examined plaintiff on July 8, 1991 at the instance of defendant Matthew S. Lesniewski. Pasquarella stated that plaintiff had fully recovered and found no evidence of permanency or disability. The physician's affirmation provides details of the medical

records he examined, the medical history taken from plaintiff and the specific clinical observations made in a comprehensive medical examination. During the examination plaintiff had full range of motion of his back and neck. The November 19, 1990 X rays showed plaintiff's neck and spine to be normal and that "Xrays of the nose does *[sic]* not reveal any evidence of frank fracture, but there is a slight deviation of the septum to the right", which the doctor considered entirely preexistent.

In opposition, plaintiff submitted an affidavit by Douglas Van Vorst, a chiropractor, dated October 17, 1991, who last saw plaintiff on April 14, 1991 some three months prior to Pasquarella's examination. This affidavit states in relevant part: "I examined and treated [plaintiff] from December 5, 1990 to April 14, 1991, and have made the following objective findings concerning the injuries he sustained in the motor vehicle accident on November 16, 1990", followed by a serial listing of notations such as "b. fractured nose", "c. limitation in cervical flexion/extension", "d. subluxation of C3 of the cervical spine", "g. sprain of the thoracic spine" and "i. lumbar strain". Van Vorst failed to document the objective symptoms, observations or medical evidence which provided the factual basis for what is otherwise an unsupported conclusory opinion *(see, Cannizzaro v King,* 187 AD2d 842; *Gaddy v Eyler,* 167 AD2d 67, 71, *affd* 79 NY2d 955) tailored to meet statutory requirements *(see, Marshall v Albano,* 182 AD2d 614; *Waldman v Dong Kook Chang,* 175 AD2d 204). Van Vorst has failed to describe the nature of his clinical examination and the medical foundation upon which his opinion was based *(see, Dirr v Charnecki,* 154 AD2d 426; *Gaddy v Eyler, supra,* at 72; *see also, Lopez v Senatore,* 65 NY2d 1017, 1019-1020). His affidavit is totally lacking in any description which characterizes the nature and extent of any limitations, and certainly none which would suggest that such limitations were significant or consequential *(see, Hemmes v Twedt,* 180 AD2d 925, 926). In addition, we note that a diagnosis of a fracture of the nose is beyond the scope of chiropractic practice (Education Law § 6551). Accordingly, the order must be affirmed.

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.