■ DEBBIE FULLER et al., Appellants, v ARON J. STEVES, Respondent. [653 NYS2d 162] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 8, 1995 in Washington County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In February 1991, plaintiff Debbie Fuller (hereinafter plaintiff) was involved in a motor vehicle accident in the Town of Kingsbury, Washington County. She and her husband commenced this action to recover damages for the personal injuries allegedly suffered as a result of the accident. After issue was joined, and some discovery conducted, defendant moved for summary judgment contending that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiffs opposed the motion and cross-moved for, *inter alia*, summary judgment on the issue of liability. Supreme Court granted defendant's motion and plaintiffs appeal.

Initially, we note that defendant's evidence in support of his motion established a prima facie case that plaintiff's injuries were not serious (*see, Iglesias v Inland Freightways*, 209 AD2d 479). Plaintiff's proof in opposition was insufficient to overcome defendant's motion (*see, Stallone v County of Suffolk*, 209 AD2d 403). Even accepting plaintiff's allegations as true, she has failed to demonstrate that she sustained a serious injury and, therefore, has not met the statutory threshold for maintaining this action (*see, Gaddy v Eyler*, 79 NY2d 955, 956).

Plaintiff offered the affidavit of one of her treating physicians, as well as her past medical reports. Although the physician averred that plaintiff suffered an "acute cervical strain * * * at the time of the accident", he never stated that the injury was permanent or that it was not permanent but had substantially limited the performance of plaintiff's daily activities (*see*, Insurance Law § 5102 [d]). In addition, his own prior medical reports indicated that plaintiff had only minor limitations. In his final report, dated January 31, 1995, he states that plaintiff "continues to work without major restrictions. There are slight restrictions on her ability to push, pull [and] lift * * * but they have not interfered with most of her activities so far." Although the physician thought there might be a need for a "short course of therapy", he thought that if the response

to the therapy was good "we may be able to sign off the case". In his earlier reports, the physician stated that he did not expect any permanent or lasting damage. In addition, none of the prior medical reports, including those of other physicians, support plaintiff's claim of permanency or that the injuries resulted in a significant limitation of use (Insurance Law § 5102 [d]). Plaintiff's subjective complaints of pain are not supported by objective tests or conclusions drawn therefrom (cf., Countermine v Galka, 189 AD2d 1043). Moreover, the mere use of the phrase "significant limitation" in her treating physician's affidavit was insufficient to establish a serious injury (see, Lopez v Senatore, 65 NY2d 1017, 1019).

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.