■ Helen R. Grebleski, Appellant, v Jesse M. Mace et al., Respondents. [660 NYS2d 231] —Crew III, J. Appeal from an or-

der of the Supreme Court (Ellison, J.), entered May 3, 1996 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

In August 1992, plaintiff was injured in an automobile accident when the vehicle that she was driving was struck from behind by a vehicle owned by defendant Streeter Associates, Inc. and operated by defendant Jesse M. Mace. Plaintiff subsequently commenced this negligence action against defendants for injuries suffered in the accident. Following joinder of issue, defendants moved for summary judgment dismissing the complaint upon the basis that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion and plaintiff now appeals.

As a starting point, we note that defendants' evidence in support of their motion established, prima facie, that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Fuller v Steves, 235 AD2d 863). Contrary to the conclusion reached by Supreme Court, however, we find that plaintiff's proof in opposition was sufficient to create a question of fact regarding the extent of plaintiff's physical limitations attributable to her injury (see, Tompkins v Burtnick, 236 AD2d 708). Plaintiff's physician opined, based upon credible objective findings, that plaintiff could no longer do any heavy lifting or heavy exercise and, further, that she could not use her arms in any way that would require repetitive movement. This, he concluded, constituted an obvious permanent loss of use, significant limitation of use and consequential limitation of use. We do not view such opinion as one that "wholly fails to quantify the degree of restriction or identifies only a mild limitation" (Weaver v Howard, 206 AD2d 793, 793-794), nor do we view it as one simply tailored to meet the statutory requirements (compare, Crozier v Lesniewski, 195 AD2d 657, 658). Accordingly, defendants' motion should have been denied.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.