■ BENJAMIN E. JORDAN, Respondent, v AIMEE E. BAINE et al., Appellants. [660 NYS2d 509] —Spain, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 3, 1996 in Saratoga County, which denied defendants' motions for summary judgment dismissing the complaint.

In March 1991 plaintiff, a passenger in the back seat of an automobile, struck his head against the back of the front seat as a result of an accident which gave rise to this action for personal injuries. The vehicle in which plaintiff was riding was owned by defendant Joseph Barbour and operated by defendant Nicholas D. Capone; it was struck by a motor vehicle owned by defendant Sharon A. Baine and operated by defendant Aimee E. Baine. Plaintiff commenced this action in March 1994 claiming that he sustained a serious injury as defined by Insurance Law § 5102 (d); more specifically, as set forth in plaintiff's bill of particulars, he alleges that he suffered a serious permanent injury "resulting in permanent consequential limitation of use of his nose as well as disfigurement thereof in the form of a scar". Following joinder of issue and discovery the Baines moved for summary judgment dismissing the complaint asserting that plaintiff's injuries did not constitute a "serious injury" within the meaning of Insurance Law § 5102 (d). Barbour and Capone cross-moved for summary judgment dismissing the complaint upon the same ground. Supreme Court denied the motion and cross motion.* Defendants appeal.

We reverse. The record reveals that plaintiff sought treatment at two hospitals after the accident which resulted in a diagnosis of contusions and abrasions to the face and nose; significantly, the examinations made did not reveal the existence of any fractured or broken bones. Three weeks later plaintiff was referred to Barry Maisel, a physician specializing in otolaryngology, who diagnosed him as suffering from congestion and a deviated nasal septum. After a return visit to Maisel

---

* Supreme Court's decision appears to have been made in open court after oral argument. However, there is no record of the court setting forth on the record or in a written decision the reasoning behind its ruling.

in June 1991 plaintiff did not seek further medical treatment until February 1994, within a month prior to the commencement of this action, when plaintiff returned to Maisel complaining of breathing problems, sleep difficulties and sinus infections. Thereafter, in December 1995, Maisel performed a septoplasty and bilateral turbinoplasty on plaintiff to correct the deviated septum.

In support of their motion the Baines submitted an affidavit of Edward Brandow, a physician who performed an otolaryngological consultation of plaintiff in February 1996. Brandow, who also reviewed plaintiff's medical records, concluded that plaintiff sustained a deviated septum as a result of the accident. He opined, however, that the surgery conducted in December 1995 had completely remedied the condition and, as a result, plaintiff suffers no permanent injury. He further concluded that plaintiff "sustained a non-permanent injury which would not have prevented the plaintiff from performing substantially all of his usual and daily customary activities for 90 out of the 180 days after the accident" and that plaintiff did not suffer a permanent consequential limitation of use of the nose or nasal cavities. In our view, defendants met their initial burden by establishing that plaintiff did not sustain a "serious injury" within the meaning of the statute (*see, Tankersley v Szesnat*, 235 AD2d 1010, 1011; *Tompkins v Burtnick*, 236 AD2d 708; *Podwirny v De Caprio*, 194 AD2d 1057).

"In order to successfully oppose [a] motion for summary judgment, plaintiff must set forth 'competent medical evidence based upon objective medical findings and diagnostic tests to support his claim * * * [because] subjective complaints of pain * * * absent other proof [are] insufficient to establish a "serious injury" ' " (*Tankersley v Szesnat, supra*, at 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150). Here, plaintiff submitted, *inter alia*, an affidavit from Maisel, wherein he states that plaintiff suffered a deviated septum and that plaintiff has "continuing complaints of headaches, peri-orbital pressure, breathing and sleep disorder". He further states, in conclusory fashion and without the support of nonsubjective diagnostic evidence, that plaintiff suffers from "a permanent consequential limitation of the use of his nose" (*see, Crozier v Lesniewski*, 195 AD2d 657, 658; *Cannizzaro v King*, 187 AD2d 842, 843). To establish that he suffered a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]), it was incumbent upon plaintiff to demonstrate more than "a mild, minor or slight limitation of use" (*King v Johnston*, 211 AD2d 907; *see, Gaddy v Eyler*, 79 NY2d

955, 957; *Murphy v Hasenflue*, 198 AD2d 754). Significantly, the record reveals that in 1991 Maisel found no fracture and determined that plaintiff suffered from a deviated septum which he later surgically corrected. The record is devoid of any notation or indication that plaintiff suffered from any injury or condition other than a deviated septum, acute sinusitis and headaches. A deviated septum does not rise to the level of "serious injury" as contemplated by the statute (*see, Ives v Correll*, 211 AD2d 899).

Furthermore, plaintiff has failed to submit evidence to support his claim of significant disfigurement. The surgical scar resulting from the repair of the deviated septum is not described anywhere in the record in terms of length, width, texture or density, nor is it visible in the postaccident photos of plaintiff contained in the record. Notably, at his deposition and in response to a question about the location of the scar on his nose, plaintiff stated, "If you look real close, there's a scar." In our view, plaintiff has failed to overcome defendants' entitlement to summary judgment.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, with one bill of costs, motion and cross motion granted, summary judgment awarded to defendants and complaint dismissed.