■ GREGORY T. HARTE et al., Respondents, v THOMAS TRAPANI, Appellant. [671 NYS2d 1012] —In an action, *inter alia*, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 18, 1997, as denied those branches of his motion which were for summary judgment on his fourth and fifth counterclaims, which sought, *inter alia*, a hearing to determine use and occupancy payments due to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant has not met his burden of demonstrating his right to judgment as a matter of law (*see*, CPLR 3212). Additionally, the defendant's submissions were insufficient to find that the plaintiffs' affirmative defenses were meritless (*see*, CPLR 3212 [b]). The defendant's failure to sufficiently demonstrate his right to summary judgment requires a denial of the motion (*see*, *Zuckerman v City of New York*, 49 NY2d 557). O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.

■ ENID HAWKINS, Respondent, v ROSANNA MONTERO, Appellant. [671 NYS2d 1013] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated June 16, 1997, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the defendant's motion papers failed to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see*, *Rosmarin v Lamontanaro*, 238 AD2d 567; *Flanagan v Hoeg*, 212 AD2d 756). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.