■ Ahud Dyagi, Appellant, v Newburgh Auto Auction Inc., et al., Respondents. [675 NYS2d 872] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated August 11, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Once the defendants submitted evidence establishing that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The affidavit of the plaintiff's physician, based on an examination more than four years after the subject accident, consisted of conclusory assertions tailored to meet statutory requirements (*see, Medina v Zalmen Reis & Assocs.,*

239 AD2d 394; *Verrelli v Tronolone,* 230 AD2d 789; *Komar v Showers,* 227 AD2d 135; *Morales v Luna,* 205 AD2d 673), and was, thus, insufficient to raise a triable issue of fact. Similarly, the plaintiff's affidavit, consisting of merely subjective complaints of pain, was also insufficient to raise a triable issue of fact. Furthermore, the scar on the plaintiff's forehead which he allegedly sustained in the subject accident does not constitute a significant disfigurement (*see,* Insurance Law § 5102 [d]; *Hutchinson v Beth Cab Corp.,* 204 AD2d 151). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.