■ Oscar A. Echeverri et al., Appellants, v John E. Happe, Respondent. (And a Third-Party Action.) [681 NYS2d 315] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 6, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated December 1, 1997, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Once the defendant submitted evidence establishing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to the plaintiffs to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The affidavit of the plaintiffs' chiropractor consisted of conclusory assertions founded only upon subjective complaints of pain, and thus, was insufficient to raise a triable issue of fact (*see generally, Lopez v Zangrillo,* 251 AD2d 382; *Mobley v Riportella,* 241 AD2d 443). Similarly, the plaintiffs'

affidavits, consisting of merely subjective complaints of pain, were also insufficient to raise a triable issue of fact (see, *Dyagi v Newburgh Auto Auction,* 251 AD2d 619; *Lopez v Zangrillo, supra*). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.