■ JOSE DIAZ, Appellant, v SPEEDY RENT A CAR et al., Respondents. [687 NYS2d 425] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 6, 1998, which granted the separate motions of the defendants Speedy Rent A Car and Robin Dayani, and Michael Katcher and Jose Ramirez for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Hawkins v Montero*, 250 AD2d 813; *Medina v Zalmen Reis & Assocs.*, 239 AD2d 394).

The hospital emergency room records indicate that the plaintiff sustained no fractures, dislocations, or spinal injuries, and that he was discharged the day of the accident with a di-

agnosis consisting solely of "strains". Moreover, it is undisputed that the plaintiff sought no treatment for a period of some two years after the accident, which occurred in September 1995.

In opposition to the defendants' motions, the plaintiff submitted the affidavit of a chiropractor which was based on an examination conducted approximately two years after the accident occurred. The affidavit identified a series of soft tissue injuries, but did not indicate that any objective testing procedures were conducted in conjunction with the examination (*see, Duryea v Zung,* 185 AD2d 912). Further, the affidavit contained no statement that the chiropractor ever treated the plaintiff, mentioned no ongoing or prior history of treatment by any other health care provider, and did not provide any explanation for the two-year gap between the plaintiff's emergency room treatment and the examination (*see, Dyagi v Newburgh Auto Auction,* 251 AD2d 619; *Medina v Zalmen Reis & Assocs., supra,* at 394-395).

Since the defendants established their entitlement to judgment as a matter of law, and the plaintiff's submissions failed to raise an issue of fact that he had sustained a serious injury, the court properly granted the defendants' motions to dismiss the complaint (*see, Licari v Elliott,* 57 NY2d 230; *Stipes v Kopf,* 255 AD2d 502). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.