■ MARGARET TORTORELLO, Respondent, v LARRY M. CARLIN et al., Appellants. (And Another Action.) [688 NYS2d 64] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about May 26, 1998, which, upon plaintiff's default, denied the motion of defendants Larry M. Carlin and Michael F. Newton for summary judgment dismissing the complaint and, to the extent appealed from, declined to dismiss the first

through third, sixth through tenth and fifteenth and sixteenth causes of action, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed, with leave to plaintiff to make application to vacate her default upon a proper showing. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint.

This action for attorney malpractice arises out of a bitterly contested divorce action between plaintiff and her ex-husband, Richard Tortorello. Defendants Larry M. Carlin and Michael F. Newton are among seven different law firms that provided counsel to plaintiff Margaret Tortorello since 1982. Carlin & Newton were engaged in October 1982 to represent plaintiff in ongoing matrimonial litigation, which included two related actions, (1) a fraudulent conveyance action seeking the return of three vacant lots conveyed by Richard Tortorello to his brother, Joseph, shortly before the matrimonial action was begun, and (2) a foreclosure action brought by a company that had extended a loan, secured by the marital residence, to a business owned by Richard and Joseph Tortorello.

Defendants were able to conclude the actions on terms favorable to plaintiff. Two of the three lots were reconveyed to plaintiff and the third, which was under contract, was sold to a vendee for $67,000 by Joseph Tortorello. Of the proceeds from this sale, plaintiff received $15,000, of which $5,000 was applied to her bill for legal services rendered by Carlin & Newton. Following trial of the divorce action, plaintiff received the marital residence and its contents, including furs and jewelry, a judgment of $46,000 for her share of certain real estate investments, maintenance of $150 a week for seven years, child support of $100 a week until each child attains 21 years of age and a judgment against Richard Tortorello in the amount of $21,289 for arrears.

During the course of plaintiff's deposition, both plaintiff and her attorney, who is also appellate counsel, conceded that Richard Tortorello had been especially uncooperative. Plaintiff testified that her husband was not "going to give me a penny no matter what it cost, not even for the children", and counsel stated, "He just wasn't going to sign the deed that was required by the divorce judgment because he was that kind of guy." Defendants relate that, prior to trial of the divorce action, they were obliged to initiate four contempt proceedings against Mr. Tortorello for failure to comply with pendente lite orders of support. Just how intractable an opposing party Mr. Tortorello was is clear from the affidavit of his former attorney who, in an

application to withdraw as counsel, stated that his client "intentionally and/or recklessly failed to cooperate", resulting in "wage attachments, a preclusion order regarding financial matters, a warrant of arrest and untold directives to appear in court for contempt motions and/or hearings."

Plaintiff also proved to be an obstructive litigant. Richard Tortorello appealed and plaintiff cross appealed from the divorce judgment. On March 25, 1987, the Appellate Division, Second Department, granted plaintiff's motion to relieve defendants as her appellate counsel and directed an immediate hearing on the amount of defendants' charging lien. On the hearing date, plaintiff's attorney and present appellate counsel informed the court that his client had "informed me that she was leaving the courthouse and that I was not authorized to proceed further on her behalf". On plaintiff's default, judgment in favor of defendants was entered in the amount of $69,266. However, the judgment was ultimately vacated by the Appellate Division, Second Department. The Court agreed that plaintiff had "totally failed" to proffer a valid excuse for her default (CPLR 5015 [a] [1]) but ruled that defendants' failure to advise the Special Referee at inquest that they had entered into a modified retainer agreement with plaintiff warranted vacating the judgment on the grounds of "misconduct" pursuant to CPLR 5015 (a) (3) (*Tortorello v Tortorello*, 161 AD2d 633).

An expression of "satisfaction" with the outcome of the divorce litigation notwithstanding, plaintiff found many faults with defendants' representation of her legal interests. Her malpractice complaint, dated December 27, 1988, comprises 45 pages and contains 22 causes of action, with each alleged act of malpractice duplicated by a cause of action for breach of contract. In addition to malpractice, the complaint charges that defendants unnecessarily delayed resolution of the divorce proceedings for the sole purpose of inflating their fees and seeks treble damages pursuant to section 487 of the Judiciary Law. Defendants served an answer, verified on November 28, 1989, denying the material allegations of the complaint. This Court affirmed the consolidation of the malpractice action with the pending claim by defendants for legal fees in the divorce action (*Tortorello v Carlin*, 182 AD2d 524).

Plaintiff's attorney has withdrawn his appeal from the denial of his motion to be relieved (260 AD2d 996 [decided herewith]). What remains is defendants' appeal from the denial of their motion to dismiss the complaint.

Significantly, plaintiff defaulted in appearance on this mo-

tion, as acknowledged in Supreme Court's memorandum decision. The court further notes its denial of counsel's motion to be relieved (order dated February 25, 1998) and alludes to a letter, contained in the record of counsel's withdrawn appeal, advising him that his time to submit responding papers had been extended to March 27, 1998. In a letter reply, also included in the record accompanying the withdrawn appeal, counsel informed the court, "since Ms. Tortorello and I do not speak and since she has many of the documents which responsive papers would annex, this attorney is certainly not able to comply with your request." Rather than grant defendants' motion on default, Supreme Court examined the various causes of action, sustaining some and dismissing others for failure to state a cause of action.

Defendants' application for summary judgment is made under CPLR 3212, except as to those causes of action that seek treble damages (3rd and 10th) and that merely restate the malpractice cause of action as a fraud claim, seeking punitive damages (21st and 22nd). The motion court, although stating its disposition as a grant of partial summary judgment, analyzed the pleadings on CPLR 3211 grounds. Defendants contend that, in the absence of opposition to the motion, the court was obliged to enter a default judgment dismissing the complaint. Plaintiff does not address this point in her brief, but asserts that Supreme Court "properly refused" to dismiss the ten causes of action that are at issue on this appeal.

Entry of a judgment against a party defaulting in appearance is not mandatory (Uniform Rules for Trial Cts [22 NYCRR] § 202.27). However, no authority has been brought to this Court's attention, and the Court has found none, to support the practice of deciding an application for accelerated judgment pursuant to CPLR 3212 on the merits in the absence of opposing papers. While the affirmation or affidavit of counsel may "serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form'" (*Zuckerman v City of New York,* 49 NY2d 557, 563), counsel has made no such submission. Moreover, it is clear from his letter to the court that counsel could not oppose the motion without his client's cooperation in furnishing necessary documents. "Summary judgment is the procedural equivalent of a trial (*Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338) requiring the parties to submit in opposition 'evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact'" (*Cambridge Factors v Stagecoach Bus Sys.,* 155 AD2d 267, 268, quoting *Indig v Finkelstein,* 23 NY2d 728, 729).

In deciding the motion before it, Supreme Court relied on the rule that the burden is upon the movant to establish entitlement to summary judgment, with failure to make a prima facie showing resulting in denial of the motion. This Court has no quarrel with the expression of the general principle. As we stated in *Aetna Cas. & Sur. Co. v Island Transp. Corp.* (233 AD2d 157): "The rule governing summary judgment is well established: 'The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case' (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), and such showing must be made 'by producing evidentiary proof in admissible form' (*Zuckerman v City of New York*, 49 NY2d 557, 562). ' "[R]egardless of the sufficiency of the opposing papers" ', in the absence of admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable (*Ayotte v Gervasio*, 81 NY2d 1062, 1063, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324)." However, it must be emphasized that application of the rules of summary judgment disposition presumes a litigated motion.

From the perspective of an appellate court, the incomplete record resulting from the ex parte submission on the motion precludes a meaningful review of Supreme Court's disposition (*see, Cambridge Factors v Stagecoach Bus Sys.*, *supra*, at 268). As noted in *Smith v Stewart* (45 AD2d 853, *affd* 38 NY2d 747), arguments not presented to the motion court on an application for summary judgment are not properly raised for the first time on appeal. As this Court stated the principle, a party may not "argue on appeal a theory never presented to the court of original jurisdiction" (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276, citing *Huston v County of Chenango*, 253 App Div 56, 60-61, *affd* 278 NY 646). On a motion for summary judgment, even one brought pursuant to CPLR 3211, the court's consideration is limited to the grounds stated in the moving papers (*see, McLearn v Cowen & Co.*, 60 NY2d 686, 689). Absent any submission by plaintiff in opposition to the motion to dismiss the complaint, there is no theory of recovery before this Court for review.

Similarly, an issue that might have been obviated by the submission of documentary evidence to the motion court may not be raised for the first time on appeal (*First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447; *see also, Telaro v Telaro*, 25 NY2d 433, 438; *Recovery Consultants v Shih-Hsieh*, *supra*, at 276). This Court is unable to surmise what issues might

have been resolved by the documentary evidence withheld by plaintiff from her attorney.

As Supreme Court observed, "Uncontradicted facts are deemed admitted" (citing *Costello Assocs. v Standard Metals Corp.*, 99 AD2d 227, 229, *appeal dismissed* 62 NY2d 942; *see also, Kuehne & Nagel v Baiden*, 36 NY2d 539, 544). Again, what issues plaintiff might have disputed is mere speculation in the absence of any affidavit in opposition to the motion. Therefore, the factual allegations of defendants' moving papers are appropriately "deemed * * * admitted" (*supra*, at 544). Even if this Court were to reach the merits, on the record before the Court, the factual allegations of the moving papers, uncontradicted by plaintiff, are sufficient to entitle defendants to judgment dismissing the complaint as a matter of law.

Supreme Court reviewed the papers submitted on the motion "in a light most favorable to the party opposing the motion" (citing *Martin v Briggs*, 235 AD2d 192, 196 [motion for summary judgment dismissing complaint]). However, this rule of appellate review is inapplicable to the circumstances of the matter at bar. Traditionally, the rule applies to a motion directed at the sufficiency of the pleadings pursuant to CPLR 3211 (a) (7) (*Sanders v Winship*, 57 NY2d 391, 394), in which case the allegations of the complaint "must be given their most favorable intendment" (*Arrington v New York Times Co.*, 55 NY2d 433, 442, *cert denied* 459 US 1146; *Dulberg v Mock*, 1 NY2d 54, 56). In the context of a motion predicated on CPLR 3211 grounds, the "court reviewing a motion for summary judgment will tend to construe the facts 'in a light most favorable to the one moved against, but this normal rule of summary judgment practice will not be applied if the opposition is evasive, indirect, or coy' " (*Ellen v Lauer*, 210 AD2d 87, 90, quoting Siegel, NY Prac § 281, at 411 [2d ed]; *see also, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108, 115, *affd* 80 NY2d 377). If liberal construction of the facts is unavailable where opposition "is evasive, indirect, or coy", it is axiomatic that such treatment is inapplicable where opposition is non-existent. Furthermore, it is improper to remedy plaintiff's failure to submit opposing evidence by shifting the ultimate burden of proof onto defendants (*Adam v Cutner & Rathkopf*, 238 AD2d 234, 239-240). Succinctly stated, the failure to oppose a motion for summary judgment under CPLR 3212 does not operate to convert the application into one pursuant to CPLR 3211, permitting the court to confine its consideration to the adequacy of the pleadings. As the Court of Appeals emphasized in *Rich v Lefkovits* (56 NY2d 276, 282),

there is a fundamental difference between applications for summary judgment predicated on CPLR 3211 and CPLR 3212 grounds: " 'CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212' " (quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635).

This Court is not unsympathetic to a litigant who is left without the assistance of counsel at a critical juncture. However, it is the obligation of a client to cooperate with counsel in the prosecution or defense of an action. While we have always held attorneys to high standards of professional conduct, this Court will not impose a duty to overcome every foible of a client so as to ensure success at each stage of litigation. To do so would hold counsel to an impossible standard. While counsel continues to be retained in a given matter, the duty of loyalty is a two-way street. A client may not, merely by being uncooperative, evade the shortcomings of a cause of action, excuse a default, avoid the payment of legal fees or set up an unfavorable outcome as grounds for recovery in legal malpractice. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.