OPINION OF THE COURT
Patricia P. Satterfield, J.
This is an action to recover for personal injuries allegedly sustained by plaintiff Edouard Dufresne (plaintiff) as a result of a motor vehicle accident that occurred on April 10, 1997, involving three automobiles. Plaintiff was a passenger in the vehicle driven by defendant Singh, which was struck in the rear by the vehicle owned or operated by the Cestra defendants (defendants), pushing the Singh vehicle into the stopped vehicle of the Folks defendants (Folks). All defendants, except the Cestra defendants, move for summary judgment on the grounds that there are no triable issues of fact on the issue of liability and that plaintiff failed to meet the “serious injury” threshold requirement of section 5102 (d) of the Insurance Law. The Cestra defendants move for summary judgment dismissing the complaint only on the latter ground. Plaintiffs did not submit any opposing papers.[1]
It is well settled that summary judgment should be granted when there is no doubt as to the absence of triable issues. (See, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Andre v Pomeroy, 35 NY2d 361, 364; Taft v New York City Tr. Auth., 193 AD2d 503, 505.) As such, the function of the court on such a motion is issue finding and not issue determination. (See, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; D.B.D. Nominee v 814 10th Ave. Corp., 109 AD2d 668, 669.) The proponent of a summary judgment motion must tender evidentiary proof in admissible form eliminating any material issues of fact from the case. (See, Zuckerman v City of New York, 49 NY2d 557, 562.) If the proponent succeeds, the burden shifts to the party opposing the motion, who then must show the existence of material issues of fact by producing evidentiary proof in admissible form, in support of his position. (See, Zuckerman v City of New York, supra.)
The summary judgment motions at issue present a situation in which plaintiff elected not to oppose the motion, which was *385 the same situation addressed by the Appellate Division, First Department, in Tortorello v Carlin (260 AD2d 201), an attorney malpractice action. In Tortorello v Carlin, the trial court denied the defendants’ unopposed summary judgment motion to dismiss the complaint. The Appellate Division reversed, stating that “no authority has been brought to this Court’s attention, and the Court has found none, to support the practice of deciding an application for accelerated judgment pursuant to CPLR 3212 on the merits in the absence of opposing papers.” (260 AD2d, at 204.) The Appellate Division “emphasized that application of the rules of summary judgment disposition presumes a litigated motion,” and opined that “[f]rom the perspective of an appellate court, the incomplete record resulting from the ex parte submission on the motion precludes a meaningful review of Supreme Court’s disposition [citations omitted].” (Id., at 205.) This court finds the Tortorello decision to be inapposite to the unopposed summary judgment motions at issue.
Here, the record unequivocally reflects that there are no triable issues of fact with regard to the liability of defendants Folks and Singh. The moving defendants laid bare their proof, and eliminated any issues of fact. No evidence was offered by either plaintiffs or the Cestra defendants to controvert the manner in which the accident occurred. Significantly, as set forth above, plaintiffs defaulted in appearing in opposition to this motion, which presents a particularly vexing problem in that the “application of the rules of summary judgment disposition presumes a litigated motion.” (Tortorello v Carlin, supra, 260 AD2d, at 205.) However, such default by the plaintiffs is of no consequence to the ultimate determination of the motion; the moving papers establish that Folks and Singh are entitled to summary judgment as a matter of law. As “ ‘[u]ncontradicted facts are deemed admitted’ * * * the factual allegations of the moving papers, uncontradicted by plaintiff, are sufficient to entitle defendants to judgment dismissing the complaint as a matter of law.” (Id., at 206.) Accordingly, defendants Folks’ and Singh’s motions for summary judgment on the issue of liability are granted, as there are no disputed triable issues of material fact, and the complaint and all cross claims are hereby dismissed against said defendants only. Having so decided, this court need not consider the summary judgment motions for lack of serious injury of the aforesaid defendants, which is rendered moot.
The Cestra defendants also move for summary judgment on the ground that plaintiff did not sustain a “serious injury” *386 within the definition of Insurance Law § 5102 (d).[2] The aforementioned statute states, in pertinent part, that a “serious injury” is defined as: “a personal injury which results in * * * significant disfigurement * * * permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” The issue of whether the injuries allegedly sustained by plaintiff fall within the definition of a “serious injury,” in the first instance, must be decided by the court. (See, Licari v Elliott, 57 NY2d 230, 238.) As such, inherent in the court’s consideration of a motion for summary judgment for lack of serious injury is the requisite determination that there are no issues of fact with regard to the injuries sustained by a plaintiff.
By virtue of legislative enactment and its statutory mandates, as construed by decisional law, the “serious injury” threshold question has prompted the evolution of principles of law governing sufficiency of proof that overlay the general principles governing determinations of summary judgment motions. This court finds that the proscriptions set forth in Tortorello v Carlin (supra), that appear to foreclose the application of rules of summary judgment disposition to an unopposed motion, cannot properly be applied to a summary judgment motion on the issue of serious injury so as to preclude the court from determining, in the first instance, whether the injuries allegedly sustained by plaintiff fall within the definition of a “serious injury.” While a plaintiffs default may play a substantial factor on those summary judgment motions where the absence of opposing papers could preclude a determination on the merits of the case, the considerations at issue in those circumstances are distinguishable from the considerations governing the grant or denial of a defendant’s summary judg *387 ment application addressed to the issue of the “serious injury” threshold. A moving defendant in such instances must first meet the initial burden of making a prima facie showing that the plaintiff failed to sustain a “serious injury.” Such a showing is the catalyst for the court’s need to consider plaintiff’s evidence as to the issue of whether he or she sustained a serious injury. (See, DeAngelo v Fidel Corp. Servs., 171 AD2d 588, 589 [opining that the initial burden was upon defendant to present evidence establishing that plaintiff has no cause of action, and that it is only when that burden is met that plaintiff would be required to establish a prima facie case that she sustained a serious injury within the meaning of Insurance Law § 5102].)
The threshold question in determining a summary judgment motion on the issue of serious injury thus is the sufficiency of the moving papers, with consideration only given to opposing papers once defendant makes a prima facie showing that plaintiff did not sustain a serious injury. It is now well settled that in order for a defendant to establish that plaintiff failed to sustain a serious injury within the purview of the statute, defendant must “submit [] the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiffs claim.” (Gross-man v Wright, 268 AD2d 79, 84.) These affidavits or affirmations should be facially sufficient in that they contain original signatures of the affiant. Moreover, any medical reports submitted as evidentiary proof must be sworn. (See, Grasso v Angerami, 79 NY2d 813; Williams v Hughes, 256 AD2d 461; Fernandez v Shields, 223 AD2d 666.) Once defendant has proffered competent evidence that meets the sufficiency standard, the burden is shifted to the plaintiff to rebut the presumption that there is no issue of fact as to the threshold question. (See, Gaddy v Eyler, 79 NY2d 955, 956-957; Licari v Elliott, 57 NY2d 230, 238, supra; Grossman v Wright, 268 AD2d 79; Echeverri v Happe, 256 AD2d 304.) Logic thus dictates that in the absence of defendants’ failure to proffer competent evidence with regard to the threshold question, summary judgment must be denied, regardless of whether plaintiffs’ proffered evidence is clearly deficient, or nonexistent. See Tortorello v Carlin (260 AD2d 201, 205, supra), reiterating the principle that “ “ ‘[r]egardless of the sufficiency of the opposing papers’,” in the absence of admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable.’ ” It is therefore the holding of this court that a summary judgment motion, pursuant to CPLR 3212, on the issue of “serious injury” may be determined on the merits in the absence of opposing papers.
*388 Turning to the case at bar, plaintiff contends in his unverified bill of particulars that he suffered a serious injury in that he sustained neck and back injuries which resulted in: (1) permanent loss of use of a body organ; (2) significant limitation of use of a body function or system; and (3) medically determined injury or impairment of a nonpermanent nature which prevents the injured party from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. In support of their summary judgment motion and their assertion that plaintiff did not sustain a “serious injury,” defendants submitted documentary evidence in the form of a medical report of Dr. Steven L. Mendelsohn, a radiologist, and the sworn medical reports of Dr. Leon Sultan, an orthopedist, and Dr. Monette G. Bass on, a neurologist. Dr. Mendelsohn, referencing an MRI of the plaintiff’s spine taken May 5, 1997, found “mild degenerative changes, C4-5 and C5-6 levels. This MRI reveals no evidence of focal disc herniation nor any abnormality casually linked to the trauma.” Dr. Sultan, in his medical report dated May 20, 1999, based upon an examination of plaintiff’s cervical spine and upper back, concluded that plaintiff “is orthopedically stable and neurologically intact and does not demonstrate any objective signs of ongoing disability or post-traumatic functional impairment that can be related to the accident of 4/10/97.” Dr. Basson, in his report dated June 10, 1999, states: “[plaintiff] is completely neurologically normal. I feel from the history and lack of findings that he presumably sustained a cervical sprain from which I feel he has fully recovered. I do not find him disabled.”
Generally, if defendant’s proffered evidence is sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of section 5102 (d) (see, Grebleski v Mace, 241 AD2d 888; Fuller v Steves, 235 AD2d 863), plaintiff has the burden of coming forward with sufficient evidentiary proof, in admissible form, to raise a triable issue of fact as to whether she has suffered a serious injury within the meaning of the No-Fault Law. (See, Gaddy v Eyler, 79 NY2d 955, 956-957, supra; Licari v Elliott, 57 NY2d 230, 238, supra; Gross-man v Wright, 268 AD2d 79, supra; Echeverri v Happe, 256 AD2d 304, supra.) However, where defendant fails to proffer evidence which establishes that plaintiffs’ injuries are not serious as defined by statute, the need for plaintiff to rebut said evidence is circumvented. Here, the court’s analysis ends with *389 defendants’ evidence, notwithstanding plaintiffs’ failure to oppose this motion,[3] because defendants did not meet their burden.
Dr. Mendelsohn’s proffered evidence, in the form of an unsworn doctor’s report, is clearly inadmissible. (See, Grasso v Angerami, 79 NY2d 813, supra; Williams v Hughes, 256 AD2d 461, supra; Fernandez v Shields, 223 AD2d 666, supra; Pagano v Kingsbury, 182 AD2d 268.) This evidence is insufficient to eliminate a genuine issue of material fact. (See, Friedman v U-Haul Truck Rental, 216 AD2d 266.) Medical reports, without • the annexation of an affidavit of the examining doctor specifically substantiating his objective findings, are insufficient to prove lack of serious injury. What is required to meet the sufficiency standard are affidavits with objective medical findings which have annexed sworn medical reports, or which incorporate by reference sworn medical reports. Such proof is not presented here. Thus, copies of Dr. Basson’s and Dr. Sultan’s sworn medical reports, standing alone, do not rise to the level of proof needed to establish, as a matter of law, that plaintiff did not sustain serious injury. Accordingly, the Cestra defendants’ motion for summary judgment on the threshold issue is denied.

. This motion was returnable initially on March 1, 2000, and appeared on the motion calendar an unprecedented four times prior to final submission, pursuant to stipulations of all parties, including plaintiffs, with the approval of the court. Plaintiffs apparently elected not to oppose the motion and cross motions, which, based upon the nature of this case, should not inure to the benefit of either party.

. Defendants move for summary judgment pursuant to Insurance Law § 5102 (d) by reference to codefendants Folks’ notice of motion, which contains all the documentary evidence in support of the aforementioned motion. Their attorney’s affirmation states: “Your affirmant for the sake of brevity adopts and incorporates by reference the affirmation * * * and exhibits attached thereto, submitted in support of co-defendants William H. Folks and H.D. McCalla-Folks’ motion for summary judgment pursuant to § 5104(a) of the Insurance Law.”

. As recognized by the Tortorello Court, entry of a judgment against a party defaulting in appearance is not mandatory. (See, Uniform Rules for Trial Cts [22 NYCRR] § 202.27.)