■ FAWWAZ ABDALLAH et al., Appellants, v MICHAEL J. FLATTERY, Respondent. [721 NYS2d 174] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover for injuries allegedly sustained by Fawwaz Abdallah (plaintiff) when defendant's vehicle struck the vehicle driven by plaintiff. Plaintiff alleged that he sustained a significant disfigurement and a significant limitation of use of a body function or system (*see,* Insurance Law § 5102 [d]). Supreme Court properly granted defendant's cross motion for summary judgment dismissing the complaint. Defendant met his initial burden on the motion by demonstrating that plaintiff did not

sustain a serious injury under either of those prongs of the No-Fault statute (Insurance Law § 5102 [d]; *see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *Barbarulo v Allery,* 271 AD2d 897, 898-899; *Dyagi v Newburgh Auto Auction,* 251 AD2d 619; *Jordan v Baine,* 241 AD2d 894, 896; *Hutchinson v Beth Cab Corp.,* 204 AD2d 151; *Koppelmann v Lepler,* 135 AD2d 507). Defendant's examining physician opined that plaintiff had made a full recovery from the accident and had not suffered any permanent or significant injury, disability or disfigurement (*see, Delaney v Lewis,* 256 AD2d 895, 897). The physician's opinion is supported by plaintiff's medical records, which set forth plaintiff's subjective complaints but contain no objective medical findings in support of such complaints (*see, Barbarulo v Allery, supra,* at 900; *Evans v Beebe,* 267 AD2d 828, 829, *lv denied* 94 NY2d 762), and which establish the insignificant nature of plaintiff's lacerations. Further, plaintiff's own doctors characterized plaintiff's head injuries as "minor" or "trivial," which is insufficient to establish a significant limitation (*see, Delaney v Lewis, supra,* at 897; *Broderick v Spaeth,* 241 AD2d 898, *lv denied* 91 NY2d 805).

Plaintiff failed to raise a triable issue of fact concerning whether he had sustained a significant limitation or significant disfigurement as a result of the accident (*see, Gaddy v Eyler, supra,* at 957; *Barbarulo v Allery, supra,* at 899-900; *Dyagi v Newburgh Auto Auction, supra; Jordan v Baine, supra,* at 896). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.