■ ZACHARY WOODSON, an Infant, by TRACY WOODSON, His Mother and Natural Guardian, et al., Respondents, v MENDON LEASING CORP., Appellant, et al., Defendant. [739 NYS2d 125] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 4, 2000, which, in an action for personal injuries, denied defendant-appellant car leasing company's motion for summary judgment dismissing the complaint as against it, and order, same court (Michael DeMarco, J.), entered on or about July 25, 2000, which, insofar as appealable, denied appellant's motion to renew, unanimously affirmed, without costs.

The admission of appellant's lessee that his vehicle came into contact with the codefendant's vehicle prior to the latter striking the infant plaintiff, a pedestrian, raises an issue of fact as to the relative culpability of both drivers. The lessee's sworn statements, to the effect that while traveling within the speed limit his front bumper came into slight contact with the codefendant's rear bumper when the latter cut in front of him in an attempt to cross over from the right side of the avenue to the left, are insufficient to demonstrate that the codefendant was the sole cause of the accident (see, Ayotte v Gervasio, 81 NY2d 1062). The same is true of the deposition testimony of the infant plaintiff's mother offered by appellant on its motion to renew; she claimed no knowledge of what could have caused the codefendant's car to career onto the sidewalk. Appellant's reliance on the emergency doctrine is improperly raised for the first time on appeal (see, Tortorello v Carlin, 260 AD2d 201, 205). In any event, appellant's lessee's conclusory assertion that he had no opportunity to react to the codefendant's improper attempt to cross lanes is insufficient to demonstrate that the lessee was faced with an emergency, and, if so, that his actions were reasonable in that context (see, Marte v Guzman, 272 AD2d 279). We note that the codefendant's deposition has yet to be taken. Concur—Mazzarelli, J.P., Ellerin, Rubin and Marlow, JJ.